BlacKEOüd, J.
Lentz, as assignee of the payee of a promissory note, brought an action of debt on the note against the makers, Prather and others. Pleas: 1st, That the note was executed by the defendants upon a usurious consideration; 2d, Payment to the payee before notice of the assignment; 3d, Pay *260 ment to the plaintiff. Replications in denial of the pleas. The cause was submitted to the Court, and judgment rendered for the plaintiff.
Tile defendants, on the trial, offered as a witness the payee of the note, to prove the usurious consideration and the payments set out in the pleas. The plaintiff objected to the witness as incompetent, and the Court sustained the objection. The refusal to admit the witness is assigned for error.
One objection made to the admission of the witness to prove the first plea is, that as he indorsed the note, he can not be permitted to invalidate it. This objection is sustained by the cases of Walton v. Shelley, 1 T. R., 296; Bank of the U. S. v. Dunn, 6 Peters, 51; Bank of the Metropolis v. Jones, 8 Peters, 12. The decisions of some of the State Courts are in favour of the-objection, and of others against it. The Supreme Court of the United States, in the two last cited cases, relies on the authority of Walton v. Shelley, but does not notice in either of them the case of Jordaine v. Lashbrooke, 7 T. R., 597, which, after a very full and *ablc examination of the subject, expressly overrules the case of Walton v. Shelley. We are satisfied, on reading the case of Jordaine v..Jjashbrooke, that this objection to the witness is untenable. The language of Jjawrenee, J., in the'last-named case is as follows: “The constant practice of examining accomplices, &c., shows that the mere circumstance of a man's representing himself as having done things inconsistent with common honesty, is net sufficient to reject his testimony, however it may weaken and impeach it. Nor is there any distinction with respect to negotiable securities, when the point to be considered is the competency of the witness; for supposing what he has done in putting such instruments into circulation, to be ever so great a fraud and ever so mischievous, he still is a witness unconvicted of any crime, and without interest, and not more devoid of principle than many who have been mentioned as being constantly admitted.” This case of Jordaine v. Lashbrooke, is still adhered to by the English Courts. Chitt. on Bills, 654;. 1 Phill. Ev., 43. In forming our opinion against the first *261 objection to tbe witness, we have not deemed it necessary to examine whether the first plea was valid or otherwise.
The other objection to the admission of the witness to support the defense of usury, is that he is interested; and that objection is also made to his admission to support the other pleas. As respects the issue on the plea of usury (supposing that plea to be valid), and the issue on the plea of payment to the witness before notice of the assignment, we think the witness could not be benefited by the defendants’ succeeding on those issues. The assignment contains a warranty that the note was valid and had not been paid. Howell v. Wilson, 2 Blackf., 418. Should either of the first two issues, therefore, be found for the defendants, the witness would be liable on the assignment, in consequence of the warranty contained in it; and his evidence in the present ease might be proved against him in the subsequent suit on the assignment. It was, therefore, the witness’ interest, that the first two issues should be found against the defendants, by whom he was called.
But with respect to the third plea, which is payment to the plaintiff, we have come to the conclusion, though not *without difficulty, that the witness has an interest in supporting that plea which renders him incompetent. By the assignment of the note, the witness contracted with the plaintiff, inter alia, that if the latter should obtain judgment, and take out a fieri facias, against the makers in due time, and the execution should be returned no property found, he, the witness, would be liable to the plaintiff for the amount, &c. This contract of warranty by the witness, without which it is to be presumed the plaintiff would not have purchased the note, will be discharged, if the defendants succeed on the last issue. We think, therefore, the witness could not, on account of his interest, be examined in support of the last plea. This opinion is sustained by the analogous case of Wilson et al. v. Alexander, 9 Leigh’s Rep., 459.
As the witness was competent as regarded the first two pleas, he ought to have been admitted, and his testimony limited to the issues on those pleas. Bent v. Baker, 3 T. R., *262 35, 36, where it is said by Buller, J., that if a witness be competent to answer any questions, he ought not to be rejected generally.
J. G. Marshall, for the appellants.
R. Crawford, for.the appellee.
Per Owriam.—The judgment is reversed with costs. Cause remanded &c.