## HANNA *v.* SPENCER.

In a suit upon a promissory note, a guarantor of the solvency of the maker is not a competent witness to prove that the note was executed without a consideration.

May Term,
1852.

HANNA
v.
SPENCER.

Friday,
May 28.

ERROR to the *Allen* Circuit Court.

SMITH, J.—Assumpsit by the plaintiff in error against the defendant in error upon a promissory note for the payment of 93 dollars and 40 cents. Pleas: 1. Non assumpsit; 2. That the note was made upon the settlement of a certain cost-bill, which *Hanna*, as a marshal, claimed to be due him by *Spencer*, and that there was a mistake in said settlement, and nothing was, in fact, due; 3. Matters of set-off under the common counts.

The cause was submitted to a jury, who found a verdict for the defendant, and a motion for a new trial having been overruled, judgment was rendered accordingly.

Upon the trial *Hugh McCullough* was sworn as a witness for the defendant, but, before testifying in the case, he was questioned upon his *voir dire* by the plaintiff. He stated that the note sued upon was executed by *Spencer* and given to him to be sent to the plaintiff, and that he enclosed the note in a letter directed to the plaintiff at *Indianapolis*. He further stated that he did not recollect the precise language used in the letter, but believed, and still believes, he made himself liable, and bound himself for the payment of the note, in case *Spencer* was unable to pay it. The plaintiff then objected to the witness being permitted to testify on behalf of the defendant, on the ground that he was interested, but the Court overruled the objection, and the witness then proceeded to give certain evidence which was material to support the second plea of the defendant.

We think the objection to this evidence should have been sustained. The substance of the statement of the witness, as to the contents of the letter sent by him to the plaintiff, was, that he had therein or thereby guarantied the payment of the note. No objection appears to have been made by the defendant to this mode of proving the contents of the letter, and if the witness was right in supposing himself liable to pay the note, if *Spencer* could not, and we must presume he was from his own state-

ment, he was interested in proving that it was given without consideration.

In the case of *Prather* v. *Lentz*, 6 Blackf. 244, it was held, that the assignor of a note was incompetent to prove payment by the maker to the assignee, in a suit by the latter against the maker, because his contract of warranty would thereby be discharged. In this case we must suppose that the witness only guarantied the solvency of the maker of the note, and not, as in the case of an assignor, the validity of the note itself, and, therefore, if he could defeat the suit of the payee against the maker by proving that the note was given without consideration, he would be released from his own liability.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*O. H. Smith* and *S. Yandes*, for the plaintiff.

*D. H. Colerick* and *J. G. Walpole*, for the defendant.