*J. Bradley*, for the appellants.

---

HORNE and Another *v.* WILLIAMS.*

A party may inform his witness of the testimony adduced by the opposite party, if the Court has not ordered witnesses not to converse with the parties; and if the record does not show such an order, the Supreme Court cannot presume that it was made.

Objections to particular testimony, though well taken, are no ground for the rejection of a witness altogether; and if a witness be rejected generally upon

---

*A petition for a rehearing of this case was filed on the 12th of *June*, and overruled on the 29th of the same month.

such objections, the error is sufficient to reverse the judgment; and it need not be shown that the witness was introduced to prove something pertinent to the issue.

A medical witness, in giving his opinion as an expert, cannot give the particulars of his practice not connected with the case; but if such testimony go to the jury without objection, testimony to contradict, or show the want of capacity and skill on the part of the witness, is not admissible. If such collateral matters be inquired of on cross-examination, the answers of the witness must be taken, and other witnesses cannot be called to contradict him.

A witness called as an expert, who had previously heard the testimony of another expert, was asked if he concurred in the opinion of the other, and if not, wherein he differed. Objection sustained. *Held*, that this was not error.

*May Term,*
**1859.**

HORNE
v.
WILLIAMS.

APPEAL from the *Delaware* Circuit Court.

*Tuesday, May 31.*

WORDEN, J.—This was an action by the appellee against the appellants, to recover damages for carelessness, negligence, and unskillfulness on the part of the defendants, as surgeons, in reducing and attending to a fractured limb of the plaintiff. Verdict and judgment for the plaintiff, a motion for a new trial, made by the defendants, being overruled, and exceptions properly taken.

From the bill of exceptions, it appears that on the trial the plaintiff had introduced and examined as a witness, one *John C. Helm*, a physician, from whom she elicited professional opinions. In his testimony he spoke of a case of a fractured leg of *Howell's* boy, which he had treated. The plaintiff having closed her testimony, the defendants, in order to sustain their defense, introduced Mrs. *Howell*, a competent witness, who testified as follows, in answer to questions propounded to her by the plaintiff: "I was subpœnaed yestereve. I had a conversation with Dr. *Slack;* talked about my son; he told me Dr. *Helm* had been talking in Court." Thereupon the plaintiff objected to the witness's testifying, on the ground that she had had conversation with defendants in regard to the testimony, and had been informed by Dr. *Slack* what *Helm* had testified to, and also on the ground that it was collateral, and that "they had no right to impeach a medical witness by the opinion of one who was not an expert, and not a doctor."

May Term,
1859.

HORNE
v.
WILLIAMS.

The Court sustained the objection, and excluded the witness, and the defendants excepted.

It will be observed that the defendants offered this witness in order to sustain their defense; that is, she was offered as a witness generally, and the plaintiff having elicited from her the facts above indicated, objected to her testifying, and this objection was sustained. We will examine the two grounds of objection. The first is, that she had had a conversation with the defendants in regard to the testimony, and had been informed by Dr. *Slack* what *Helm* testified to. This objection, it will be seen, goes further than the facts disclosed, on which it is predicated. Mrs. *Howell* does not say that Dr. *Slack* informed her what *Helm* had testified to. She says simply that she had a conversation with him; that they talked about her son; and that he said Dr. *Helm* had been talking in Court. But supposing Dr. *Slack* informed the witness what Dr. *Helm* had testified to, we know of no rule of law by which he would thereby be deprived of the testimony of the witness.

A suitor has a right to confer with his witnesses and ascertain from them what facts are within their knowledge; and if, in the progress of the trial, he inform them of the testimony adduced by his adversary, we do not see how it would interfere, necessarily, with the due administration of justice, or work any wrong to the opposite party. But it is insisted by counsel that the ruling of the Court was right, as it had previously made an order separating the witnesses, and ordering them not to converse with the parties, and not to be informed by parties or counsel, what had been testified by previous witnesses. No such order, however, is shown, by the record, to have been made, and we cannot presume it to have been made, especially as the ruling of the Court does not purport to be based upon the ground that either the witness or the party had been guilty of a violation of an order of the Court in the premises.

Whether a witness can be excluded in any case for the

violation of a proper order of the Court for a separation of the witnesses, is a question that does not arise in the record, and therefore we do not decide it.

The other objection, that the testimony was "collateral," and that "they had no right to impeach a medical witness by the opinion of one who was not an expert," seems directed to the character of the testimony, rather than to the competency of the witness. We are not advised by the record what it was that was sought to be proven by the witness, and cannot determine whether the testimony was collateral or otherwise; nor are we advised whether the defendant sought to introduce the opinions of the witness. But these objections to particular testimony, if well taken, are no reason for excluding a witness altogether, as was done in this case. The witness was competent to answer proper and legal questions; and where that is the case, he should not be rejected generally. *Prather* v. *Lentz*, 6 Blackf. 244. "Where a witness is called to the stand who is competent to be sworn, and to testify to some matters, but who may not speak of other matters, it is not proper to object to his competency generally, and exclude him. It will not be presumed that an improper question will be asked him. It is by objecting to improper questions when asked, that a party can exclude improper evidence." *Wood* v. *Cohen*, 6 Ind. R. 455, note 2.

Here, no question had been asked of the witness by the defendants. They had introduced her, and the plaintiff had put certain questions, and elicited the answers named, whereupon the witness was rejected on the plaintiff's motion. In reference to the latter branch of the plaintiff's objection, the remarks in the note above cited, are peculiarly applicable.

We are of opinion that the Court erred in rejecting the witness.

That such an error should reverse the judgment, is established by the case of *Force* v. *Smith*, 1 Dana, 151, although the defendants did not state the particulars which they designed to prove by the witness. The Court state the question involved as follows, viz.:

"If the Circuit Court refuse to permit a competent witness to be examined, should the judgment be reversed for that cause alone, unless it shall appear that the witness was offered to prove something pertinent to the issue."

In answer to the question thus propounded, the Court say: "Nor do we think that a party is bound to announce the fact which he intends to prove by a witness, before he shall have the right to swear and examine him.   *   *   * And as it does not appear that the rejected witness, who was competent, was offered for the purpose of proving an immaterial fact, the judgment of the Circuit Court should be reversed for error in refusing to permit the witness to be examined."

It further appears that "the defendants introduced competent witnesses, and offered to prove by them that all of the cases which Dr. *Helm* had treated, and to which he referred to illustrate his opinion, being seven in number, and which he said were perfect cures, were, all of them, two inches too short, and fully as short as the plaintiff's in this case."

This testimony, on the objection of the plaintiff, was excluded, and defendants excepted.

There was no error, in our opinion, in this ruling.

We think that although a medical witness, when called upon, may give a professional opinion as an expert, yet he cannot, either in answer to questions put by the party calling him, or as voluntary statements of his own, make evidence, the particulars of his own private practice, not connected with the case.   If such particulars are inquired of by the party calling the witness, or volunteered by the witness himself, the opposite party, by making the objection, may have them excluded.   But if such improper testimony be suffered to go to the jury without objection, the door is not thereby opened to the admission of testimony showing that the statements of the witness in relation to those particulars, are false or erroneous.   Such testimony is entirely collateral.   The party offering the witness, could not introduce it for the purpose of showing the capacity

or skill of the witness. If the opposite party, on cross-examination, for the purpose of testing the skill of the witness, or for any other purpose, inquire of the witness as to such collateral matters, he must take the answers of the witness, and cannot call others to contradict him. 1 Greenl. Ev. § 449.

The defendants having introduced Dr. *Lomax*, and examined him as a professional witness, called Dr. *Winton*, who had heard the testimony of Dr. *Lomax*, and asked him if he concurred in the statements of Dr. *Lomax*, and if not, to state wherein he differed. The Court sustained an objection to this question, and exception was taken.

There is no error in this ruling. The mode sought to be adopted in eliciting the opinion of this witness, may have the merit of being expeditious, but it might be attended with some unfairness toward the witness himself, as well as to the opposite party. Witnesses called upon to testify professionally, should be left free to give their own individual opinion, upon the facts involved, unconnected with, and untrammeled by, the opinions of others who may have been examined.

The appellants complain of the refusal of the Court to give a certain charge to the jury asked by them; but we think the charge, in substance, covered by another which was given by the Court.

We have thus noticed all the errors complained of, and think there is none in the record, except the one first examined, for which the judgment will have to be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Kilgore* and *J. S. Buckles*, for the appellants.

*T. J. Sample*, *C. B. Smith*, and *W. March*, for the appellee.