*P. Maier*, for appellants.

*S. C. Stinson*, for appellee.

———o———

PAXTON *v.* DYE.

WITNESS.—IMPEACHMENT OF.—A bill of exceptions stated that E, a witness who testified on the trial on behalf of the defendant, "having testified to certain facts relevant and pertinent to the issue," was asked on cross-examination, for the purpose of laying the foundation for his impeachment, "Did you say to F on, &c., at, &c., that the goods were sold and paid for in good faith?" to which the witness answered in the negative. F was then called and stated "that E had said that he was called to witness the sale, and that he was present and saw the whole settlement." The defendant then offered evidence to prove the good moral character of E.

*Held*, that the evidence was not admissible. 1. Because there had been no impeachment, the testimony of F not being inconsistent with that of E. 2. Because it did not appear that the contradiction, if any, was concerning a material matter testified to by E in his examination in chief.

APPEAL from the *Wayne* Common Pleas.

FRAZER, J.—Replevin. Answer, 1. General denial. 2. Property in one *Fassett*. 3. That one *Fender* sued out a writ of attachment against the property of *Fassett*, which

was placed for service in the hands of the defendant, as sheriff, who by virtue thereof seized the property in question, it being the property of *Fassett.* Reply, general denial. The evidence is not in the record. The defendant appeals from a judgment rendered against him over a motion for a new trial.

A bill of exceptions shows that the defendant called one *Sell* as a witness, who "having testified to certain facts relevant and pertinent to the issue," was asked on cross-examination by the plaintiff the following question, for the purpose of laying the foundation for his impeachment: "Did you say to D and G in *Abington,* a short time after this suit was brought, that you knew nothing about any fraud, that you had always understood that the goods were paid for and sold in good faith, and that you had never learned anything to the contrary, or anything of that kind?" to which he answered in the negative. D and G were afterwards called as witnesses for the plaintiff, and testified that they heard *Sell* say "that he was called to witness said sale; that the sale was made by *Fassett* to *Dye,* and that he, *Sell,* was present and saw the whole settlement." The defendant then offered to prove the good moral character of *Sell,* but the court excluded the evidence, and therein it is claimed that there was error.

The proposition of the appellant, that when a witness has been impeached, either by general evidence or by particular questions, he may be supported by general evidence of good character, may be conceded, and the question in this case will then be, was the witness thus impeached? He was not contradicted by the impeaching witnesses. Their answers were not at all inconsistent with his, as it seems to us. There was therefore no impeachment. The attempt was a failure, and the rule already stated was not violated by the court, in its refusal to receive the evidence offered. But if the witness had been directly contradicted, it does not appear by the record that it was as to a matter concerning which he had testified in chief, and we understand that the contradiction, to amount to an impeachment, must be

by statements of the witness inconsistent with material evidence given by him in the body of his testimony, and which statements he does not admit that he made.

The judgment is affirmed, with costs.

W. A. Bickle and W. A. Peele, for appellant.

N. H. Johnson, J. B. Julian and J. F. Julian, for appellee.