Miller *v.* Coulter.

MILLER *v.* COULTER, ET AL.

[No. 19,403. Filed March 7, 1901.]

WILLS.—*Admission to Probate.—Petition.—Practice.*—Error cannot be predicated upon the insufficiency of a petition for the admission of a will to probate, since a petition is not necessary in such case. *p. 292.*

SAME.—*Admission to Probate.—Petition.—Practice.*—Where the request to admit a will to probate is made in the form of a petition, the original instrument must be produced to the court, but no copy of the will need be filed with the petition. *p. 292.*

SAME.—*Name of Beneficiary.—Mistake.*—Where testator by the terms of his will gave certain property to his brother "John Bradley," it was proper to allege and prove that testator had been accustomed to designate and call his brother Barzali B. Bradley "John," and that Barzali B. was the person intended as the beneficiary in the will. *p. 293.*

APPEAL AND ERROR.—*Record.—Affidavit for Continuance.*—An affidavit for a continuance improperly copied in the record among the other proceedings of the court cannot be made a part of the bill of exceptions by mere reference to the page and line of the transcript, but the same should be set out in the bill at length. *pp. 293, 294.*

SAME.—*Bill of Exceptions.—Record.*—A bill of exceptions prepared under the provisions of the act of 1899, held to be invalid, signed by the judge, who stated in his certificate that it contained all of the evidence given in the cause, and which after being so signed was again filed with the clerk, is sufficient. *p. 294.*

WILLS.—*Evidence.—Settlement of Estate Before Probate of Will.*—In a proceeding to probate a will, evidence that the estate was settled before the will was offered for probate on the supposition that decedent died intestate was properly excluded. *p. 294.*

APPEAL AND ERROR.—*Evidence.—Trial.*—Available error cannot be predicated upon the action of the court in excluding evidence,

where the offer to prove was not made until after the objection was sustained. *pp. 294, 295.*

TRIAL.—*Admission of Evidence.—Discretion of Court.*—The admission of testimony out of its regular order is very much in the discretion of the judge trying the cause, and, unless it appears that there has been an abuse of such discretion, the Supreme Court will not interfere on appeal. *p. 295.*

SAME.—*Evidence.—Witnesses.—Impeachment.*—A matter wholly immaterial cannot be made the basis of an impeachment. *pp. 295, 296.*

INSTRUCTIONS.—*Repetitions.—Wills.*—Where the court charged the jury in a proceeding to contest the probate of a will that if the evidence showed that decedent executed the instrument offered for probate and requested the subscribing witnesses to attest its execution, "then such instrument is not a forgery," and if "you find that the decedent signed said instrument, it cannot be a forgery," such repetition of the conclusion that the will could not be considered a forged will did not amount to reversible error. *p. 298.*

WILLS.—*Execution.—Instructions.*—In an action to contest the probate of a will the court properly instructed the jury that "if, prior to June 10, 1894, the instrument in evidence was prepared ready for signing, and on that day was found in the possession of the decedent, and was by him signed, the presumption would be that the same was prepared by his direction, and by signing it he made it his own, whether the instrument be made by ink, carbon, or other substance." *p. 298.*

From the Clinton Circuit Court.    *Affirmed.*

*T. H. Palmer, W. F. Palmer, T. H. Palmer, Jr.,* and *D. S. Holman,* for appellant.

*J. Claybaugh, N. P. Claybaugh, J. P. Gray, J. T. Hockman, A. H. Boulden* and *H. C. Sheridan,* for appellees.

DOWLING, C. J.—Hiram H. Bradley died August 26, 1894, leaving his widow, Sarah A., as his sole heir at law. He was seized of real and personal property of the value of about $18,000. Letters of administration were issued to the widow, his estate was settled by her, and she was discharged from her trust September 25, 1895. About the last of September, or the first of October, 1899, an instrument purporting to be the last will and testament of Hiram H. Bradley was found, by which he devised one-third of his property to his widow, $1,000 to his brother "John," $1,000

to a nephew, Frank Bradley, a tract of unplatted land, near the city of Frankfort, to that city conditionally, and the residue of his estate to Frankfort commandery number twenty-nine, Knights Templar. The will was retained for several months by the parties who found it, and it was then offered for probate in the Clinton Circuit Court by the persons named as executors. The widow of Bradley, who had married one Miller, objected to the probate. The regular judge of the Clinton Circuit Court being, as he thought, disqualified to try the case, he appointed Hon. James M. Rabb, the judge of the twenty-first judicial circuit, in his stead. After various steps in the cause it was submitted to a jury, who returned a verdict sustaining the will.

The *first* and *second* errors assigned question the sufficiency of the petition asking that the supposed will be admitted to probate, because of its failure to state a cause of action, and for the reason that no copy of the instrument was filed with it. No petition was necessary. An oral motion would have sufficed. The statute requires no formality in this part of the proceedings, and nothing more need be done than to present the instrument to the court, and ask that it be admitted to probate. If the request to admit the instrument to probate is presented in the form of a petition, the original instrument must be produced to the court, but no copy of it need be filed with the petition. Neither is such petition subject to demurrer. If the instrument so presented appears to have been signed and attested in the manner prescribed by the statute, and if no objection is made, the proof of its execution should be heard, and, if satisfactory, an order should be made admitting it to probate, and the certificate of probate should be indorsed upon, or attached to, the will. Objection to the probate must be made in writing, verified by affidavit that the same is not made for vexation or delay. The grounds upon which the probate may be resisted are stated in the statute. §§2749, 2750, 2754, 2758, 2765, 2766 Burns 1894; *Evansville, etc.,*

*Co.* v. *Winsor,* 148 Ind. 682; *Summers* v. *Copeland,* 125 Ind. 466. The demurrer to the petition might have been stricken out on motion. The court did not err in overruling it.

The answer of Barzali B. Bradley to the complaint of the contestor, Sarah A. Miller, stated that he was the brother of the testator, and that, although his name was Barzali B., the testator had been accustomed to designate and call him by the name of John Bradley, and that he was the person named and described in the will as John Bradley. He had the right to allege and prove that he was the person mentioned in the will, although misnamed. If the testator was in the habit of calling him "John", it was immaterial whether he knew his true name or not. *Whiteman* v. *Whiteman,* 152 Ind. 263, and cases cited. The demurrer to this answer was properly overruled.

Did the court err in overruling the motion of appellant for a continuance made February 16, 1900? It is objected that the affidavit, upon which that motion was founded, is not properly in the record. An affidavit made on that day is copied into the transcript among the proceedings of the court on February 16, 1900, but there was no authority for inserting it at that place. A bill of exceptions was filed by appellant April 4, 1900, by which the supposed error of the court, in overruling the motion for a continuance, was attempted to be presented. The affidavit is not copied into the bill, but in its stead there are the words (Here insert), followed by the statement, "Affidavit found at record, page thirty-five, line twenty-five, to page forty, line eleven." This was not sufficient to bring the affidavit into the record. The rule is that where a document has once been properly copied into the record, it need not be copied elsewhere, but the page and line where it is found may be referred to; but when it has not been properly made a part of the record it cannot be so referred to, but must be set out in the bill of exceptions. An affidavit for a continuance is a paper relat-

ing to a collateral matter, and it cannot be made a part of the record except by bill of exceptions, or the order of the court. As this affidavit had been improvidently copied in the record among the other proceedings of the court, it could not be referred to and made a part of a bill of exceptions by reference to the page and line of the transcript, but it should have been set out at length in the bill itself. §662 Burns 1894; *Vanderkarr* v. *State*, 51 Ind. 91; *Binkley* v. *Forkner*, 117 Ind. 176, 3 L. R. A. 33; *Seston* v. *Tether*, 145 Ind. 251; Ewbank's Manual, §26. It follows that we cannot consider the sufficiency of the affidavit.

At this point, an objection is interposed by the appellee to the consideration of any question arising upon the evidence. It is argued that the bill of exceptions by which the appellant sought to bring the evidence into the record was prepared under the provisions of the act of 1899, which have been held invalid by this court. While this is true, it appears, also, that the judge signed the bill and stated in his certificate that it contained all the evidence given in the cause. After having been so signed, the bill was again filed with the clerk of the trial court. This was sufficient. *Adams* v. *State, post*, 596.

The appellant offered in evidence the record of the settlement of the estate of Hiram H. Bradley, made before the finding of the will, and when it was supposed that Bradley died intestate. The court excluded the evidence. There was no error in this. The fact of such settlement could not, in any way, affect the validity of the will afterwards discovered.

The next reasons for a new trial discussed by counsel for appellant are the rulings of the court sustaining objections to questions put to witnesses by counsel for appellant. In every instance the exception was to the decision of the court sustaining the objection, and in no case was a statement made of the facts expected to be elicited by such question until after the decision. In this state of the record we can-

not consider the points so made.   The rule of procedure in such cases is of long standing, and we must adhere to it. *Toledo, etc., R. Co.* v. *Goddard,* 25 Ind. 185, 191; *Baltimore, etc., R. Co.* v. *Lansing,* 52 Ind. 229, 231; *Gunder* v. *Tibbits,* 153 Ind. 591; *Shenkenberger* v. *State,* 154 Ind. 630.

As stated by counsel for appellant, "the fifth, sixth, and seventh reasons assigned for a new trial call in question the action of the court in permitting the proponents, after appellant had closed her case, to open up their case in chief, and introduce evidence in support of their case in chief, over the objection of appellant."   The admission of testimony out of its regular order is very much in the discretion of the judge trying the cause, and unless it appears that there has been an abuse of such discretion this court will not interfere on appeal.   In this case the trial judge was of the opinion that the proponents of the will were required, in the first instance, to make a *prima facie* case only, by proving that the testator signed the instrument in question as his last will and testament, that he was of full age, and that the execution of the instrument was duly attested by two witnesses; and that after such proof the contestor had the right to assail the execution of the instrument by showing that the testator was of unsound mind, that the will was unduly executed, that it was executed under duress, or was obtained by fraud, or upon any other ground of contest.   At the conclusion of the evidence for the contestor, he held that the proponents of the instrument might rebut the evidence given for the contestors.   This was the order of the introduction of the evidence, and we are not prepared to say that it was not the correct practice.   The fact that some evidence, which might have been introduced in rebuttal, was given in chief, was not a serious error.

The action of the court in sustaining objections to two questions asked by counsel for appellant on the cross-examination of a witness, Asa W. Boulden, is complained of.

The pith of each question was whether the witness had not made the statement, shortly before the. finding of the will of Hiram H. Bradley, that, "by means of spiritualism something would be discovered which would surprise the public, and cause litigation." The object of the questions was to impeach the witness. The matter inquired about was wholly immaterial, and, therefore, could not be made the basis of an impeachment. *Paxton* v. *Dye,* 26 Ind. 393; *Horne* v. *Williams,* 12 Ind. 324; *Seller* v. *Jenkins,* 97 Ind. 430.

Counsel for appellant moved to strike out the testimony of J. W. Morrison, a witness for appellees, as to the genuineness of the signatures of the testator, Bradley, and the attesting witness, Petty, because he had examined signatures alleged to be those of Bradley. The witness stated that he had seen both Bradley and Petty write, and that his knowledge of their handwriting was acquired in that way. The fact that he had made a comparison of signatures supposed to be theirs with the signatures attached to the will did not disqualify him as a witness, nor constitute a valid objection to his testimony. The motion to strike out was properly overruled.

The appellant next insists that the court erred in sustaining objections to two questions asked by her counsel of the witness, Morrison, on cross-examination, the object of which was to learn whether the opinion of the witness that the signatures of Bradley and Petty were genuine was based upon his knowledge of their handwriting, or resulted from a comparison of the signatures affixed to the will with other signatures examined by him. The witness had already explained that his opinion was founded, not only upon such comparison, but upon his knowledge of the handwriting of the testator and of the subscribing witness. This ruling was clearly right.

On cross-examination, J. C. Shanklin, a witness for appellant, was asked to state all that one Hockman had told

him concerning the existence of the Bradley will, shortly after it was found. He answered: "My recollection of that is that he told me that Mrs. Bradley had destroyed what she thought to be the will, but she had got hold of the wrong paper." Hockman was one of the persons who was accused by appellant of having fabricated the will in controversy. On his examination in chief, the witness, Shanklin, had been asked by counsel for appellant to state "Whether or not you [he] had any information from Mr. Hockman at the time you [he] signed that contract that he had in his possession, or under his control, or in the possession of Asa H. Boulden, a paper which purported to be the last will and testament of Hiram H. Bradley, deceased?" His answer was: "That is pretty hard to answer. Mr. Hockman never, to my recollection, told me that he had the will." The question and answer, as we think, made it proper to ask on cross-examination what Hockman really did say to the witness concerning the will.

Numerous other questions upon the admission and exclusion of evidence are pressed upon our attention by counsel for appellant, but we do not deem it necessary to review them in detail. Each has been examined, and the argument of counsel has been fully considered, yet we have found no error in these rulings so serious in its character as to require us to reverse the judgment.

Appellant next complains that the court erred in giving instructions numbered one, six, and eight asked by appellees; and instructions numbered one, two, four, eight, eleven, twelve, and fourteen given by the court of its own motion; and in refusing to give instructions numbered two, ten and one-half, twelve, thirteen and fourteen requested by appellant. We have very carefully read all of the instructions given and refused, and are satisfied that those given stated the law of the case fairly and clearly, while those refused were either unnecessary because their substance was embraced in other instructions given by the court, or that

they were properly refused because they did not contain a correct statement of the law.

Referring more specifically to some of the objections to the instructions given, we find that instruction number one is unsatisfactory to counsel for appellant because, as they allege, "it repeats that the will is not a forgery". We do not so understand it. The instruction said: *"If* the evidence shows that the decedent, Bradley, executed the written instrument offered for probate by the proponents herein, that he requested Parish and Petty to attest the execution, which they did in the presence of the testator, then such instrument is not a forgery. If you find that the decedent, Bradley, signed said instrument, it cannot be a forgery." The court did not say that the will was not a forgery. It stated only a legal conclusion upon a state of facts which might, or might not, be found by the jury. We see nothing objectionable in the repetition of the conclusion that the will, under the different circumstances stated, could not be considered a forged will. But, even if the instruction transgressed the rule against needless repetitions in a charge, such fault, however censurable in some cases, would not, in this instance, amount to reversible error, although in a more aggravated form, and under some circumstances, it might have that effect. *Union Mutual Ins. Co. v. Buchanan,* 100 Ind. 63, 80.

The substance of the *sixth* instruction was that "if, prior to June 10, 1894, the instrument in evidence was prepared ready for signing, and, on that day, was found in the possession of the decedent, and was by him signed, the presumption would be that the same was prepared by his direction, and by signing it he made it his own, whether the instrument be made by ink, carbon, or other substance." The legal accuracy of the instruction is so evident that nothing need be said in support of it. It would serve no useful end to take up the remaining instructions, one by one, for the purpose of considering the objections to them, or the arguments in their favor.

Before leaving this branch of the case, however, it is proper to say that rule twenty-six of this court, requiring that briefs shall state succinctly the substance of each instruction discussed, has not been observed as to any of the instructions asked for by appellant and refused by the court. Nevertheless, we have searched the record for these instructions, and, after examining each, have decided the questions arising upon them on their merits. The court did not err in overruling the motion for a new trial.

The appellant moved for judgment in her favor on the verdict. The verdict was general; it conformed to the statute; it was in favor of the appellees. We can conceive of no ground for rendering a judgment on it in favor of appellant.

As we have said elsewhere in this opinion, it was not necessary to file a petition in writing for the admission of the will for probate. It was sufficient for any person interested to present the instrument, and request that it be so admitted. The motion in arrest of judgment, on the ground that the petition did not state facts sufficient, was, therefore, without foundation, and the court did right in overruling it: A very thorough investigation of the record convinces us that the case was well tried, and fairly determined, under the supervision of an exceedingly able and careful judge, and that the result reached was strictly in accordance with the law and the evidence.

Judgment affirmed.