## MODERN WOODMEN OF AMERICA *v.* KINCHELOE.

[No. 21,833.  Filed March 9, 1911.  Rehearing denied May 18, 1911.]

1.  INSURANCE. — *Suicide.* —*Proof.*—*Instructions.*—*Duplication.*—In an action on an insurance certificate which exempted the company from liability in case of suicide, the defense being suicide, the refusal to give an instruction asked by defendant, that "a verdict should not be returned and stand as verity in this case upon a mere suggestion of a possibility, and conjecture should not prevail over reason," and that "the line of reasonable prob-

ability should be adopted, and a verdict returned according to the truth, regardless of the effect of such a verdict upon the parties to the action," though such instruction correctly states the applicable rule of law, does not constitute prejudicial error, where the court had already instructed that "in determining the credibility of a witness [the jury] must determine * * * the probability or improbability of his testimony," and that "the presumption of law against suicide may be overturned, not only by oral testimony, but by reasonable deductions from the facts established; that on this question [the jury] are to be governed by what is the reasonable probability, and that the fact of suicide need not be shown beyond a reasonable doubt, but by a mere preponderance of the evidence." p. 565.

2. TRIAL.—*Instructions.*—*Repetitions.*—Unnecessary repetition of substantially the same matter in different instructions in a case is not to be commended. p. 566.

3. INSURANCE.—*Suicide.*—*Burden of Proof.*—The burden of proving suicide in an action on an insurance policy, is on the defendant. p. 566.

4. APPEAL. — *Evidence.*—*Conflict.*—*Suicide.*—If reasonable men, under the evidence, might honestly differ in their opinions as to whether the insured committed suicide, a verdict against suicide will not be disturbed on appeal. p. 566.

5. INSURANCE.—*Suicide.*—*Evidence.*—Where there is no fact, in an action on an insurance policy, inconsistent with a conclusion of death by suicide, a verdict against suicide is unsupported. p. 566.

6. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 566.

From Posey Circuit Court; *Walter S. Jackson,* Special Judge.

Action by Emily Kincheloe against the Modern Woodmen of America. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1394 Burns 1908, subd. 2, acts 1901 p. 565, §10. *Affirmed.*

*Benjamin D. Smith, George C. Taylor* and *Edmund L. Craig,* for appellant.

*Frederick P. Leonard* and *George K. Denton,* for appellee.

MORRIS, J.—Suit by appellee, beneficiary in a benefit certificate issued by appellant to one Baldwin, grandson of appellee. The certificate provided that the sum of $1,000 should be paid to appellee in case of Baldwin's death, unless

caused by suicide. Appellant filed an answer which admitted the death, but alleged that Baldwin committed suicide. This was the only question of fact in issue. There was a trial by a jury, resulting in a verdict and judgment for appellee.

Appellant relies on two alleged errors of the lower court, viz., the refusal to give to the jury its requested instruction ten, and the insufficiency of the evidence to support the verdict on which the judgment rested. Instruction ten is as follows: "A verdict should not be returned and stand as verity in this case upon a mere suggestion of a possibility, and conjecture should not prevail over reason. The line of reasonable probability should be adopted, and a verdict returned according to the truth, regardless of the effect of such a verdict upon the parties to the action."

1.

Appellant contends that in cases like this, where the sole question is one of suicide, and the evidence is very largely circumstantial, it is highly important that the jury should be instructed, in drawing its inferences from the circumstances proved, to consider the reasonable probability, under all the evidence, of the existence of the facts to be inferred. Appellant's theory, applied to the issue in this cause, is correct, and if the lower court in other instructions had not substantially covered the ground, the failure here would have been erroneous. But in instruction three, given by the court on its own motion, the jury was instructed that "in determining the credibility of a witness you should determine * * * the probability or improbability of his testimony." The court gave to the jury instruction four, which was requested by appellant and reads as follows: "You are instructed that the presumption of law against suicide may be overturned, not only by oral testimony, but by *reasonable deductions from the facts established; that on this question you are to be governed by what is the reasonable probability,* and that the fact of suicide need not be shown

beyond a reasonable doubt, but by a mere preponderance of the evidence." (Our italics.)

This instruction admonished the jury that in deducing or inferring a fact from the existence of other facts established by evidence, either direct or circumstantial, it was to be governed by what was the reasonable probability. On the point in controversy, we think said instruction was as favorable to appellant as the one refused, and, therefore, there was no prejudicial error. *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467; *Eacock* v. *State* (1907), 169 Ind. 488. In fact, the unnecessary repetition of substantially the same matter in different instructions is a practice that is not to be commended. *Union Mut. Life Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63; *Miller* v. *Coulter* (1901), 156 Ind. 290; 2 Thompson, Trials §2331.

Was there sufficient evidence to sustain the verdict in this case? The burden of the issue rested on appellant. If the weight of the evidence was evenly balanced, appellant would fail. If reasonable men, in weighing the evidence, might honestly differ in their conclusions as to whether decedent committed suicide, the verdict should stand. If the record discloses no fact inconsistent with the conclusion of death by suicide, the verdict should fall for lack of proper support. *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525; *Modern Woodmen, etc.,* v. *Craiger* (1910), *ante,* 30.

We have examined the evidence, but do not deem it either necessary or desirable to set out its substance in this opinion It is sufficient to say that this court does not feel warranted in holding that there was no evidence to support the conclusion of the jury that decedent did not commit suicide.

There is no error in the record. Judgment affirmed.