ROBBINS, EXECUTOR, ET AL. v. FUGIT.

[No. 23,418. Filed February 20, 1920.]

1. WILLS.—Contest.—Hallucinations.—Proof.—Statements by the testator that the plaintiff and other members of his family had assaulted and mistreated him, though not true, could not properly be considered as evidence of hallucination and unsoundness of mind, unless he spontaneously believed the statements to be true in the face of facts to the contrary and in the face of reason. p. 167.

2. WILLS.—Contest.—Unsoundness of Mind.—Instructions.—In an action to contest a will on the grounds of the testator's unsoundness of mind and undue influence, an instruction permitting the jury to consider a former will, in which the plaintiff was a beneficiary, in determining the question of unsoundness of mind "and whether or not it was his will" was erroneous, since the quoted expression authorized the jury to consider such fact in determining whether the will was unduly executed. p. 167.

3. WILLS.—Contest.—Declarations of Testator.—Mental Capacity.—Undue Influence.—Though previous declarations of the testator, written or oral, are competent as evidence to throw light on his mental capacity at the time of the execution of the will in suit, such declarations are not competent on the subject of undue influence. p. 167.

4. TRIAL.—Instructions.—Repetition.—Needless repetition in instructions amounts to an argument on the part of the court and may mislead the jury, and, though it is not always reversible error, it is bad practice. p. 168.

5. WITNESSES.—Exhibits.—Collateral Issue.—In the contest of a will on the grounds of the testator's unsoundness of mind and undue influence, the report of the testator's trustee, who acted under contract with the testator, was not admissible to corroborate the testimony of the defendant's witness as to the testator's statements that the trustee was squandering the testator's money, where the report had no force unexplained, and to explain it involved a collateral issue. p. 169.

6. APPEAL.—Grounds of Review.—Objections.—Witnesses.—Prior Examination.—The objection, on appeal in a will contest, to an order for examination of the executor, under §533 Burns 1914, §509 R. S. 1881, presents no question, where the examination was not offered in evidence, but was used only in the cross-examination

of the executor as an individual, to which use no objection was made or carried forward in the motion for new trial. p. 169.

7. , WITNESSES.—*Re-examination.*—*Collateral Evidence.*—In an action to contest a will, in which the defendants developed on cross-examination of the plaintiff's son that he had been confined in a reformatory when thirteen or fourteen years old, his further testimony on re-examination that his mother was insane at the time of his confinement was not objectionable as being collateral, it being pertinent as a mitigating circumstance. p. 170.

8. WILLS.—*Mental Capacity.*—*Limitation of Witnesses.*—In a contest of a will on the grounds of unsoundness of mind .and undue influence, no limit can be placed on the number of witnesses and the amount of evidence. p. 170.

From Decatur Circuit Court; *John W. Donaker,* Judge.

Action by Elizabeth Fugit against William F. Robbins, executor of the will of Charles S. Williamson, deceased, and others. From a judgment for the plaintiff, the defendants appeal. *Reversed.*

*Hugh Wickens, John E. Osborn* and *Frank Hamilton,* for appellants.

*John F. Goddard, Edgar E. Hite* and *Thomas E. Davidson,* for appellee.

TOWNSEND, C. J.—Appellee brought suit against appellants to contest the probated will of her brother, Charles S. Williamson. The issue was undue influence and unsoundness of mind. The jury returned a general verdict in appellee's favor.

It is claimed by appellants that the verdict is not sustained by sufficient evidence. This need not be decided, because the judgment must be reversed for other reasons, and on retrial the evidence will probably vary in many particulars from that adduced at this trial.

On the subject of monomania and hallucinations,

the court gave the following instruction, at the request of appellee: "No. 5. If you find from the evidence that the testator, Charles S. Williamson, made statements to persons to the effect that Elizabeth Fugit, the plaintiff, and members of his family, or any of them, had assaulted him and otherwise mistreated him, such statements cannot be taken as true or to prove that such assault and mistreatment was committed by them upon him. However, if it is shown by the evidence that such assaults and mistreatments did not occur and were not committed by said persons then such statements by said Charles S. Williamson may be considered by you as circumstances tending to show hallucination and unsoundness of mind."

This instruction is erroneous. To make this instruction accurate, it should have embodied the element that the testator spontaneously believed these things to be true in the face of the facts to the contrary, and in the face of reason. *Barr* v. *Sumner* (1915), 183 Ind. 402, 418, 107 N. E. 675, 109 N. E. 193, and cases there cited.

In instruction No. 7 the court told the jury, at the request of appellee, that if they found from the evidence that the testator had made a will in 1905 in which he had provided for his sister, and they further found that no good reason or cause had been shown by the evidence since the making of that will to induce the testator to disinherit her, they should consider that fact in determining whether or not the testator was of sound or unsound mind at the time of the execution of the will in suit, "and whether or not it was his will." The expression in quotation marks authorized the

jury to consider the facts embodied in the instruction in determining whether or not the will in suit was unduly executed. This was error. It was competent for the jury to take into consideration previous declarations of the testator, either oral or written, to throw light upon his mental capacity at the time of making the will in suit; but such declarations are not competent on the subject of undue influence. *Ditton* v. *Hart* (1910), 175 Ind. 181, 189, 93 N. E. 961, and cases there cited.

Appellants also complain of the court's action in repeating propositions of law applicable to the facts in numerous instructions. On the subject of undue influence alone, the court gave fourteen or fifteen instructions. In three different instructions he told the jury that undue influence need not be proved by direct evidence, that it could be shown by circumstances. When an instruction is once given which fully covers a subject, it should not be repeated. Such needless repetition amounts to an argument on the part of the court and may mislead the jury. It is not always reversible error, but it is always bad practice. It has been repeatedly condemned. *Union Mut. Life Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63, 80; *Chicago, etc., R. Co.* v. *Boggs* (1885), 101 Ind. 522, 530, 51 Am. Rep. 761; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 426, 3 N. E. 389, 4 N. E. 908; *Miller* v. *Coulter* (1901), 156 Ind. 290, 298, 59 N. E. 853; *Modern Woodmen, etc.* v. *Kincheloe* (1910), 175 Ind. 563, 566, 94 N. E. 228, Ann. Cas. 1913C 1259. The instructions are entirely too voluminous. The court gave, in all, sixty. This necessitated his covering the same ground again and again. Such constant repetition of propositions of

law tends to mislead and confuse the jury. On re-trial these instructions should be reduced to limits, less confusing.

Other questions on the instructions are discussed in the briefs; but there is no subject that has been more thoroughly considered in previous decisions of this court than instructions on undue influence and unsoundness of mind. If the instructions in the instant case cannot be revamped on retrial and kept in accord with these decisions, then they could not be so kept by extending this opinion.

Appellants next complain because the court excluded their exhibit No. 7, being report of testator's trustee, who had been acting pursuant to a

5.   contract with the testator in that behalf. Appellants claim that this report shows that this trustee was squandering testator's money, and that it therefore corroborated one of their witnesses who had testified to the testator's statements in that behalf. The court was correct in excluding this exhibit. It had no force unexplained, and to explain it involved the trial of a collateral issue.

Appellants next complain because the court entered an order under §533 Burns 1914, §509 R. S. 1881, to examine executor. This examination was

6.   not introduced in evidence. It was used in cross-examination of the executor as an individual. No objection was made by appellants at the time it was so used. Nor is any objection carried forward in the motion for a new trial. Therefore no question is presented here.

Appellants next complain because appellee's son was permitted, on re-examination, to answer that his

mother had been adjudged insane at the time he was confined to the Plainfield Reformatory, their objection to the question on re-examination being that it was collateral. It was not collateral. It was directly pertinent to that which appellants had developed on cross-examiation of the witness, as a mitigating circumstance of his being confined in the Plainfield Reformatory when he was thirteen or fourteen years old. The court did not err in overruling this objection.

No limit can well be placed upon the number of witnesses and the amount of evidence in such a case as this; but it seems that the lawyers might help to limit the evidence. The record in this case contains more than 1,200 pages. Appellants' brief contains 486 pages. Testator was a man who had lived in one place in one county all his life, and it does not seem that it would require more than 100 witnesses, pro and con, to determine the issue in this case.

The judgment of the trial court is reversed, with instructions to sustain appellants' motion for a new trial.

Myers, J., not participating. Harvey, J., absent.