DREWRYS LIMITED U. S. A., INC. *v.* CRIPPEN.

[No. 16,830. Filed December 1, 1942. Rehearing denied February 1, 1943. Transfer denied March 4, 1943.]

*Seebirt, Oare & Deahl,* of South Bend, for appellant.

*Joseph G. Ettl,* of South Bend, and *Hillis & Hillis,* of Logansport, for appellee.

DeVoss, J.—Appellee brought this action to recover for personal injuries received in an automobile collision occurring in the City of Logansport, Indiana. The complaint is in one paragraph and alleges generally that appellee was operating an automobile eastwardly on West Market street in the City of Logansport, and that she attempted to cross the intersection of Cicott street, and while driving through such intersection, the appellant, by its employee, who was approaching from the east on Market street, and in the intersection of Cicott street, suddenly and carelessly turned his said automobile to the left and immediately in front of the automobile of appellee, thereby causing a collision whereby appellee was injured. It is further alleged that the driver of the appellant's car was negligent and that he failed to give any signal or warning of turning to the left and failed to slow up, and carelessly and negligently made a left-hand turn in front of appellee who was then in the intersection.

To this complaint, the appellant filed an answer in general denial.

Trial was had by a jury which returned a verdict for appellee, together with answers to forty-one interrogatories submitted by appellant.

Upon the return of such verdict, appellant filed a motion for judgment on answers to interrogatories which motion was by the court overruled and thereupon the appellant filed its motion for a new trial which motion was also by the court overruled and judgment was entered for appellee.

The errors relied upon for reversal are:

(1) The error of the court in overruling the appellant's motion for judgment on the answers to interrogatories.

(2) Error of court in overruling the appellant's motion for a new trial.

The specific reasons set out in the motion for a new trial and discussed in appellant's brief are:

(1) The verdict of the jury is not sustained by sufficient evidence.

(2) The verdict of the jury is contrary to law.

(3) Error of court in refusing to give to the jury each of the instructions requested by the defendant, numbered 18 and 19.

(4) Error of court in giving to the jury of its own motion instruction numbered 4.

Under the first assigned error, it is contended by the appellant that the answers to the interrogatories are in irreconcilable conflict with the general verdict, and that the answers to such interrogatories disclosed appellee to have been guilty of contributory negligence as a matter of law and therefore the general verdict must fall and the answers to the interrogatories prevail.

In support of the first contended error, it is argued by appellant that the answers to interrogatories establish the fact that appellee did not look and consequently did not see what was in plain sight, directly in front of her in line of traffic; that she continued to drive into the southwest quarter of the intersection without looking and without seeing appellant's truck until within four or five feet thereof and that at that time she was unable to stop and crashed into the tractor of appellant's truck. The interrogatories which appellant contends established these facts are as follows:

"No. 19. Does Heath Street run north and south parallel with Cicott Street one block to the west?

"A. Yes.

"No. 20. At what speed was the automobile driven

by Mrs. Crippen going at the time she crossed Heath Street?

"A. Approximately 25 miles per hour.

"No. 21. From the time she passed Heath Street until the time when she was within four or five feet of the collision in the intersection, did she apply her brakes?

"A. No.

"No. 23. Did she see defendant's truck from the time defendant's truck entered the intersection until the time she saw defendant's truck four or five feet in front of her automobile?

"A. No.

"No. 24. Was there anything to prevent her from seeing the truck between the time the truck entered the intersection and the time it had completed the turn to the place where she saw it, four or five feet ahead of her?

"A. No.

"No. 27. When the plaintiff entered the intersection from the west was the tractor of defendant's truck in the southwest quarter of the intersection?

"A. Front end of tractor, yes.

"No. 29. As plaintiff approached the intersection from the west could she in the exercise of ordinary care have seen defendant's truck in time to have slowed down her car and avoided the accident?

"A. Yes.

"No 30. Could the plaintiff have seen the defendant's truck after it had turned left at the intersection in time to have stopped her automobile before the collision if she had approached the intersection with caution?

"A. No.

"No. 36. Did defendant drive into the plaintiff or did plaintiff drive into the defendant?

"A. Plaintiff drove into defendant.

"No. 40. Could she have in the exercise of ordinary care seen the flasher upon approaching the intersection?

"A. Yes."

Of the above interrogatories Nos. 29 and 30 are improper. Each of them involves a question of law. *Tucker Freight Lines, Inc.* v. *Gross* (1941), 109 Ind. App. 454, 33 N. E. (2d) 353.

It may be said that the answers to the above interrogatories considered by themselves might tend to establish the fact that appellee was negligent, but before appellee would be precluded from recovery in the action by reason of her negligence, it must further appear that not only was she negligent, but that such negligence contributed to her injury and the interrogatories above set out fall short of establishing this fact. In ruling on the question as to whether or not the interrogatories shall prevail this court can consider only the pleadings, the general verdict, the interrogatories and the answers thereto.

The general verdict is a finding for the appellee on every material fact and to overthrow it the answers to the interrogatories must be in irreconcilable conflict therewith. All of the interrogatories and the answers thereto must be considered in determining whether judgment should be given on such answers and it is only when the interrogatories and answers thereto taken and considered as a whole are irreconcilable with the general verdict that the former will overcome the latter. In determining whether there is a conflict in the general verdict and answers to the interrogatories every presumption and inference is

resolved in favor of the general verdict. Nothing will be presumed or inferred in favor of answers to interrogatories as against the general verdict and if answers to two or more interrogatories are inconsistent and antagonistic to each other, they nullify and destroy each other and cannot control the general verdict. *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. (2d) 336.

The general verdict, interrogatories and answers thereto establish the fact that Cicott street and West Market street at the intersection were each 40 feet wide and that after appellant's truck approached Cicott street on Market street, it moved towards the center of Market street: That there was a flasher signal operating at the time of the accident in question and the appellee was well acquainted with the crossing and in the exercise of ordinary care could have seen the flasher: That when she crossed Heath street one block west of the intersection where the accident occurred she was going 25 miles per hour and did not apply her brakes until up to a point four or five feet from the collision. That appellee appropriately reduced her speed when entering the intersection and that she did not see appellant's truck until it had turned four or five feet in front of her. That after entering the intersection the driver of the truck made a left-hand turn on Cicott street without flashing his left turn signal and without giving a left turn signal with his arm. It is further established by the interrogatories that as the plaintiff approached the intersection she could have seen defendant's truck and slowed down and avoided the collision, but that she could not have seen the truck in time to have stopped the automobile after the truck turned left to the intersection.

Where the interrogatories fail to state facts and

allegations necessary to establish the negligence of the plaintiff and that such negligence contributed to the injury and where evidence was admissable under the issues from which the jury might properly have found that appellee was in the exercise of ordinary care, then a motion for judgment on the interrogatories is properly overruled. *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369.

The jury was instructed on the issue of contributory negligence of the plaintiff and all reasonable presumption will be indulged in in favor of the general verdict in construing the answers to interrogatories on the issue of contributory negligence. There was no interrogatory or answer submitted that would fully demonstrate that the negligence of appellee was the cause of the injuries while under the allegations in the complaint it might have been shown the failure of appellant to give warning of his intention to turn in front of such plaintiff or the speed at which appellant's automobile was being operated or the failure of the driver of appellant's automobile to observe the approach of appellee was the proximate cause of the injuries. The interrogatories are silent on the issue of proximate cause. The driver of a vehicle approaching and entering into an intersection in the exercise of ordinary care is not bound to absolve himself from contributory negligence to anticipate that another vehicle coming from the opposite direction would violate the duty of reasonable care by turning in front of the first referred to vehicle suddenly and without giving any warning or signal, but that each is under a duty to keep to the right to avoid a collision. *Reitz* v. *Hodgkins* (1916), 185 Ind. 163, 112 N. E. 386.

One traveling on the highway is charged with the

duty of exercising ordinary care to observe and discover dangers. He is not necessarily chargeable with negligence should he collide with a car if it unexpectedly and without signaling turn in front of him. *Opple* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81.

Instruction No. 18 tendered by appellant, and refused by the court, would have informed the jury that if a yellow traffic blinker was operating at the time and scene of the accident, it then was the duty of the appellee to approach the intersection not only with ordinary care under the circumstances, but it was her duty to approach the intersection with caution, and if she failed to use caution in such approach and such failure was the proximate cause of the injury, she could not recover. Such instruction further defined the meaning of "caution" as that degree of care required to place one on guard against a known and existing danger. As the law existed at the time of the happening of the accident involved herein, we think the instruction was properly refused. Appellee owed no duty except to approach the intersection as a careful, prudent person would do under like circumstances, and the giving of such instruction would have fixed upon her a greater duty than that imposed by law.

It is next contended by appellant that instruction No. 19 tendered by appellant and refused by the court was a proper instruction. Such instruction related to the failure of appellee to use ordinary care and further would have informed the jury as to the result of such failure and the duty of one approaching an intersection. We have read all of the instructions given by the court and conclude that each phase of the tendered instruction was covered by other

instructions, and there was no error in the refusal thereof.

Appellant assigned for causes for a new trial the insufficiency of the evidence and the application of law to support the general verdict. There is some conflict in the evidence but there is some evidence to sustain the facts as indicated by answers to interrogatories and the general verdict. Appellee approached the crossing at a speed of less than twenty-five miles an hour from the west on the south side of Market street. At the same time appellant entered the intersection of Market and Cicott streets from the east. Appellant's truck, traveling west on the north side of Market street, entered the intersection and without any sign or signal from the driver, the truck turned to the south immediately in front of appellee's car, at which time the accident occurred. We think this evidence is sufficient evidence from which the jury could conclude the negligence of appellant's driver, and that such negligence was the proximate cause of the collision. The questions of weighing the evidence, what evidence shall be considered, are so well settled that citation of authority relative thereto is unnecessary. The verdict of the jury was sustained by sufficient evidence and was not contrary to law.

It is next urged by appellant that the court's instruction No. 4 was erroneous. Instruction No. 4 is as follows:

"If you find from the evidence and under the foregoing instructions that the plaintiff is entitled to recover, then in estimating her damages you should take into consideration the nature and extent of her injuries received from the accident in controversy; whether they are permanent or temporary only; her loss of time, if any has been shown by the evidence; impairment of her ability to pursue her calling or business as an employe of the

Gossard Company if any shown; any mental or physical pain and suffering she may have suffered; also any expense she incurred and personally paid for medical, surgical and hospital services, if payment therefor was personally made by her if any shown; and give her such an amount in damages as will, under the evidence in the cause, compensate her for the injuries she sustained, not, however, exceeding the amount named in her complaint, to-wit: Five Thousand ($5,000.00) dollars."

It is contended that this instruction permitted the jury to award damages for her inability to pursue her business as an employee of the Gossard Company, and that it permitted the jury to award special damages for any impairment which might interfere in the future with her ability to pursue her calling as such employee.

Rule 1-7 of the Rules of the Supreme Court provides:

"No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."

The specific objection made by appellant at the time of the giving of instruction No. 4, was to the effect that damages by reason of loss of services accrue to her husband and would be properly recovered only by him. There was no objection for the reason that the instruction permitted the jury to award special damages and, consequently, that question cannot be presented on appeal. No question is presented on the giving of such instruction.

Finding no reversible error, judgment is affirmed.

NOTE.—Reported in 44 N. E. (2d) 1006.