## DROLET, ADMINISTRATRIX ETC. *v.* PENNSYLVANIA RAILROAD COMPANY

[No. 19,011. Filed February 10, 1960. Rehearing denied April 12, 1960. Transfer denied May 20, 1960.]

*Owen W. Crumpacker, Theodore M. Gemberling, Lowell E. Enslen, George V. Burbach* and *Crumpacker, Gemberling & Enslen,* of counsel, all of Hammond, for appellant.

*Phil M. McNagny, Barrett, Barrett & McNagny,* of Fort Wayne, and *George Douglas,* of Valparaiso, for appellee.

AX, J.—Appellant, plaintiff below, brought a wrongful death action against appellee, defendant below, for the death of her husband who was killed at a grade crossing when the car driven by her said husband was hit by appellee's train. Appellant charged that the proximate cause of the collision in which her said husband was killed was one or more acts of negligence of appellee through its agents, employees and servants, acting within the scope of their employment in one or more of the following particulars, to-wit:

(a) Appellee carelessly and negligently failed to give any signal, notice or warning of the approach of said train.

(b) Appellee carelessly and negligently failed to sound the whistle on its engine at any time while approaching the crossing.

(c) Appellee carelessly and negligently failed to sound the whistle on its engine distinctly not less than three times beginning not less than eighty rods from the crossing.

(d) Appellee carelessly and negligently failed to ring the bell on its engine at any time while approaching the crossing.

(e) Appellee carelessly and negligently failed to ring the bell on its engine continuously not less than eighty rods from the crossing.

(f) Said train was traveling at a high and excessive rate of speed to-wit: sixty miles per hour.

(g) Appellee carelessly and negligently failed to keep a lookout for those lawfully on the highway and particularly the decedent when approaching said crossing.

Appellant asked judgment for $15,000.00 as a dependent widow.

Appellee filed answer in three paragraphs, the first paragraph amounting to an answer of denial to the material averments of appellant's complaint; the second paragraph charging appellant's decedent with contributory negligence by entering upon appellee's tracks without using ordinary care for his safety and by failing to look and listen for the appellee's train at a time and place when, in the exercise of ordinary care, he could have discovered its approach in time to avoid the collision complained of; and the third paragraph charging appellant's decedent with contributory negligence by failing to stop his automobile within fifty feet but no closer than ten feet from the nearest track of appellee's railroad before crossing at a time when appellee's train was plainly visible and in hazardous proximity to such crossing, which act amounted to a violation of the statutes of the State of Indiana governing the operation of motor vehicles.

The cause was submitted to a jury which found for the appellee, and judgment was entered accordingly.

Thereafter, appellant filed its timely motion for new trial specifying several grounds. This appeal followed

the overruling of said motion with the assignment of error that the trial court erred in overruling appellant's motion for a new trial.

The first four grounds in the motion for new trial were substantially that the verdict and judgment were not sustained by sufficient evidence and were contrary to law.

Evidently, being cognizant of the well-settled rule of law that on appeals from a negative verdict, the plaintiff cannot assign as error the fact that the ██ verdict was not sustained by sufficient evidence, appellant made no attempt to argue this ground of error. See: *City of Angola* v. *Hulbert et al.* (1959), 130 Ind. App. 97, 162 N. E. 2d 324, and cases cited therein. Appellant also failed to press any argument in her briefs that the verdict or judgment was contrary to law. Hence, under the rules of this court and our numerous court decisions, this cause of error is waived.

The remaining specifications of grounds in appellant's motion for new trial which are argued were specifications numbered 5 through 23 inclusive, all of which were for errors of law occurring at the trial in the giving of each of the appellee's separate instructions numbered 3, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 18, 20, 21, 26, 28, 29, 30, 31, and 32.

Suffice it to say, inasmuch as the evidence concerning the alleged acts of negligence on the part of the appellee and the alleged acts of contributory negligence on the part of appellant's decedent was disputed, the cause in the absence of any error of law occurring at the trial was properly submitted to the jury for the determination of the facts. For that reason we find it unnecessary to summarize in this opinion the evidence that was introduced at the trial, confining our attention to the

matters embraced in the instructions complained of by appellant, in order to determine whether or not any of the appellee's instructions given by the court and objected to by appellant were so objectionable and erroneous as to result in the appellant being deprived of a fair and impartial trial and of a substantial verdict.

In accordance with Rule 2-17 (d) of the Supreme and Appellate Courts, appellant set forth in her brief all of the instructions given or tendered and refused which have a bearing upon the questions raised. In light of the argument of appellant that "the trial Court gave and read to the jury numerous and repetitious defendant's instructions over the objections of the Administratrix, which said repetitious instructions were tantamount to directing the jury to return a verdict for the defendant and consequently from which this appeal is taken," we have carefully read and examined each and every instruction given or tendered and refused, together with all of appellant's specific objections to instructions of appellee tendered and given by the court, in order to help us in our determination of whether or not appellant by such instructions given was prevented from having a fair and impartial trial.

Before considering appellant's various contentions, we reviewed carefully some of the following well-established general rules relative to propriety of instructions which we used as a guide and which we believe are pertinent to the conclusion reached herein:

"The purpose of instructing jurors is to advise them of the particular questions they are to determine, and to inform them as to the law and how to apply it to the facts as they find the facts to be from the evidence. *Neese* v. *Boatwright* (1954), 124 Ind. App. 630, 118 N. E. 2d 510." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice,* §1510, p. 63, par. 14 of Supp.

"Erroneous instructions constitute reversible error only when they have influenced the verdict. *New York, C. & St. L. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N. E. 2d 531, rehearing denied 237 Ind. 456, 147 N. E. 2d 237." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice,* §1510, p. 63, par. 18 of Supp.

"The giving of erroneous instructions is presumed prejudicial, and the burden is on appellee to show by the record that appellant was not harmed thereby." *Hatton* v. *Hodell Furniture Co.* (1920), 72 Ind. App. 357, 125 N. E. 797.

"Duplication of instructions is not reversible error where there is nothing in the instructions or record to indicate that harm resulted. *Powell* v. *Ellis* (1952), 122 Ind. App. 700, 105 N. E. 2d 348." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice,* §1510, p. 61, par. 5 of Supp.

"If the instructions considered as a whole fully and fairly instruct the jury, error in any particular instruction will not justify a reversal unless it is such as to vitiate the whole charge to the jury. The charge is vitiated only when the instruction is so erroneous that it must be concluded the jurors have been misled as to the law of the case. *Stull* v. *Davidson* (1955), 125 'Ind. App. 565, 127 N. E. 2d 130." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice,* §1510, p. 62, par. 6 of Supp.

"Instructions given in a case must be considered as a whole and with reference to each other and not as isolated individual instructions. *Bain* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712; *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, 27 N. E. 2d 75; *Hough* v. *Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228; *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 79 N. E. 2d 777." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice,* §1510, p. 238, par. 6.

"All the law of the case need not be stated in one instruction; it is sufficient if considering the instructions as a whole the jury has been fully ■ and fairly instructed. *Chmielewski's Estate* v. *Chmielewski* (1936), 102 Ind. App. 20, 200 N. E. 747; *Hoeppner* v. *Saltzgaber* (1936), 102 Ind. App. 458, 200 N. E. 458; *Gibson* v. *Johnson* (1939), 106 Ind. App. 103, 14 N. E. 2d 337; *Coca-Cola Bottling Works* v. *Williams* (1942), 111 Ind. App. 502, 37 N. E. 2d 702; *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 79 N. E. 2d 777; *Hamling* v. *Hildebrandt* (1949), 119 Ind. App. 22, 81 N. E. 2d 603." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice*, §1510, p. 239, par. 7.

Keeping in mind these above general propositions of law, we considered whether or not any of the instructions given by the court and specifically objected to by the appellant prevented the appellant from having a fair and impartial trial.

From a careful study of appellant's brief and after hearing the oral argument advocated by appellant's counsel, we are of the opinion that appellant's main contention is that under the evidence the appellant was clearly entitled to a verdict, but that she was deprived of that verdict by the repetitious and argumentative instructions on contributory negligence given by the trial court.

Although appellant argues in her brief that instructions numbered 8, 10, 11, 13, 15, 18, 20, 21, 28, 29, 30, 31 and 32 involve the same question of law and ■ are all objected to on the grounds that they are repetitious, we found that appellant preserved the question of objection of said instructions being repetitious in only instructions numbered 18, 28 and 32, since appellant made no written or oral specific objection in the court below that any of the other above numbered instructions were repetitious. It is a well-

settled rule of this court that no error with respect to the giving of instructions is available as a cause for a new trial or an appeal except upon the specific objection made to the questioned instruction before argument.

"If the objections are submitted in writing, they are filed in open court and become a part of the record without a bill of exceptions. If they are made orally, they are taken down by the reporter and may be made a part of the record by a general or a special bill of exceptions. Rule 1-7, Rules of Supreme Court. On review a party will be considered to have waived any objection not made as above provided. *Dreweys, Ltd., U. S. A.* v. *Crippen* (1943), 113 Ind. App. 120, 44 N. E. 2d 1006; *Reichmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10; *State* v. *Coridan* (1943), 221 Ind. 404, 47 N. E. 2d 978; *McCague* v. *New York, C. & St. L. R. Co.* (1947), 225 Ind. 83, 71 N. E. 2d 569, rehearing denied, 225 Ind. 83, 73 N. E. 2d 48." Flanagan, Wiltrout & Hamilton's, *Indiana Trial & Appellate Practice*, §1505, p. 230.

Also see: Vol. 1, I. L. E., §130, p. 627; *City of Logansport* v. *Gammill* (1957), 128 Ind. App. 53, 145 N. E. 2d 908; *New York, Chi. & St. L. R. R. Co.* v. *Laudenslager* (1957), 127 Ind. App. 301, 141 N. E. 2d 355.

Hence, it follows that appellant has raised the objection of instructions being repetitious in only instructions numbered 18, 28, and 32. The specific objections of repetition made in each of said instructions are as follows—

Instruction No. 18—"This instruction is repetitious on the issue of contributory negligence."
Instruction No. 28—"This instruction is repetitious on the question of a person entering a place of known danger blindly."
Instruction No. 32—"This instruction is repetitious relative to the duty of the decedent."

Upon examination of these objections, we are of the opinion that appellant's specific objections were too general in nature and should have pointed out specifically to the trial judge below the exact way and manner in which the pertinent instruction was repetitious, citing to him any other instructions which covered the points involved.

One of the main purposes of requiring that an objection to an instruction be made before it is given to the jury is to give the trial court an opportunity to correct any error if it exists. If this is not done promptly and specifically, the alleged error is waived on appeal. *New York, Chi. etc. R. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N. E. 2d 531, rehearing denied 147 N. E. 2d 237.

Further, we are of the opinion that even if we overlook this waiver on the part of appellant by this failure to be more specific, it would not be sufficient cause for this court to reverse on the ground of repetition of instructions. It is, as pointed out above [*Powell* v. *Ellis, supra*], a well-settled rule of law that duplication of instructions is not reversible error where there is nothing in the instructions or in the record to show that appellant was harmed.

Appellant has cited the cases of *Keeshin Motor Express Co.* v. *Glassman* (1941), 219 Ind. 538, 38 N. E. 2d 847, and *Fowler* v. *Wallace* (1891), 131 Ind. 347, 31 N. E. 53, as authority for verdicts being reversed because of repetitious instructions. She argues that the Supreme Court correctly defines the rule as to when repetitious instructions become reversible error, quoting from page 553 of *Keeshin Motor Express Co.* v. *Glassman, supra:*

"While this court has long recognized the well known principle that frequent and unnecessary

repetition of correct statements of law in ▓ instructions may be reversible error, it has been reluctant to reverse a judgment solely on that ground. Application of the principle is made difficult in that the error is not *prima facie* prejudicial, as where an instruction incorrectly states the law, but becomes prejudicial by the *quantum* of the repetition and the relative importance of the issue emphasized. In any set of instructions there is apt to be some reiteration of the applicable rules of law. The number of times an instruction is repeated is not the criterion. Rather is it the probable effect which that repetition will have upon the jury's proper consideration of the evidence. We would invite many unnecessary appeals if we did not make it clear that only *in exceptional cases,* and particularly where from the whole record we cannot fairly say that a correct result was reached, will we attempt to apply the principle." (Our emphasis.)

With this statement of the rule, we are in accord. However, we cannot agree with appellant's contention that the case at bar presents "the exceptional case" referred to in the above quotation, because from the whole record of this case at bar we cannot say that an incorrect result was reached.

The *Keeshin* case cited above also contained the following statement on page 553:

"We have found only one Indiana case reversing a judgment for repetitious instructions, *Fowler* v. *Wallace* (1892), 131 Ind. 347, 31 N. E. 53."

Also on page 555 appears the following:

"The case of *Fowler* v. *Wallace, supra,* seems never to have been cited on this point in Indiana but the principle was again stated in *Miller* v. *Coulter* (1901), 156 Ind. 290, 298, 59 N. E. 853, from which we quote as follows:

'But, even if the instruction transgressed the rule against needless repetitions in a charge,

> such fault, however censurable in some cases, would not, in this instance, amount to reversible error, although in a more aggravated form, and under some circumstances, it might have that effect.'
>
> Since then this court on several occasions has condemned the giving of repetitious instructions as 'bad practice' but has not seen fit to reverse on that ground alone. See *Robbins, Exr.* v. *Fugit* (1920), 189 Ind. 165, 168, 126 N. E. 321; *Modern Woodmen, etc.* v. *Kincheloe* (1911), 175 Ind. 563, 94 N. E. 228, Ann. Cas. 1913C, 1259n. In *Davis, Exr.* v. *Babb* (1921), 190 Ind. 173, 188, 191, 125 N. E. 403, the court said that repetition five times of a correct instruction on testamentary capacity was harmless error. It may be observed, however, that the opinion concluded with the statement: 'The case seems to have been fairly tried, and a correct result reached.' "

In the case at bar the *quantum* of the repetition was not so great as in the *Keeshin* case; and, in the *Keeshin* case the court was of the opinion that from the record it could not be said that a correct result was reached. Since in the case at bar, as above stated, we cannot say that an incorrect result was reached, we have concluded therefore that although the giving of the repetitious instructions is to be condemned, it does not in this case constitute reversible error.

We have given careful consideration to the individual specific objections of appellant to instructions 6, 12, 14, 15, 21, 26, 28, 29 and 32 which constitute the sole remaining grounds of error urged by appellant in her motion for new trial, and set out in the argument portion of appellant's brief, with citations of authorities in conformity to Supreme Court Rule 2-17 (e). In view of the frank admission made by appellant on page 128 of her brief, to-wit:

"The arrangement and language of the instructions *as a whole* overcomes the individual objections made under the Supreme Court Rules. Each instruction, viewed alone, is only slightly off color— erroneous, but perhaps, by itself, not sufficiently heinous to be a reversible error."

We are of the opinion that appellant has thereby indicated that her argument as to her specific objections to each separate instruction is without substance; consequently, we do not believe it to be obligatory for this court to lengthen this opinion unnecessarily to specifically answer each and every objection to each instruction set out by appellant in her brief. In view of appellant's statement, and after careful consideration of each instruction given and objected to by appellant, we agree with appellant that each instruction, viewed alone, is not by itself sufficiently erroneous to constitute reversible error. We cannot agree with appellant, however, after considering all instructions given in this case, that the jury was unduly influenced against the cause of action of the appellant so as to render the verdict contrary to the evidence. Our examination of the record convinces us that the cause was fairly tried and a just verdict reached.

Judgment affirmed.

Myers, C. J., and Ryan, J., concur. Cooper, J., concurs in the result.

NOTE.—Reported in 164 N. E. 2d 555.