JOSEPH NATHAN PFEIFER *v.* STATE OF INDIANA.

[No. 172A27. Filed June 8, 1972.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

STATON, J.—Joseph Nathan Pfeifer was charged with second degree burglary and safe burglary. He was tried before a jury and convicted on both charges. His appeal to this court is based upon two contentions of error:

(1) The verdict of the jury is not sustained by sufficient evidence.

(2) State's instruction No. 7 was repetitive and therefore error.

In the opinion that follows, we hold that the evidence was

sufficient to convict and instruction No. 7 was not so repetitive that it amounted to an argument by the court.[1]

ERROR NO. 1: On appeal, this court will consider only that evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502. The conviction will be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra; Taylor* v. *State* (1971), 256 Ind. 92, 267 N. E. 2d 383. This court will not weigh the evidence or determine the credibility of witnesses. *Fuller* v. *State, supra; Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

EVIDENCE MOST FAVORABLE TO THE STATE: Two police officers were patrolling the B. F. Goodrich parking lot at Lafayette and Colfax Streets in South Bend, Indiana between 12:00 o'clock A.M. and 1:00 o'clock A.M. on February 2, 1971. Approaching the garage area, they observed Joseph Nathan Pfeifer standing inside the building. The store's business hours are from 7:30 o'clock A.M. to 5:30 o'clock P.M. One officer entered the store through a broken window and the other officer entered through an overhead door. Joseph Nathan Pfeifer was placed under arrest. The police officers observed one of the B. F. Goodrich trucks loaded with television sets, stereos and radios. The motor of the truck was running and the padlock on the overhead garage door had been pried off. The door connecting the salesroom and garage area had been broken open. A safe on the floor

1. Joseph Nathan Pfeifer was sentenced to the Indiana Reformatory for not less than two nor more than five years on the second degree burglary charge and was further sentenced to not less than five nor more than ten years on the charge of safe burglary. I.C. 1971, 35-13-4-4; Ind. Ann. Stat. § 10-701 and I.C. 1971, 35-1-61-1; Ind. Ann. Stat. § 10-702a (Burns 1956).

of the garage area had smashed hinges. The safe lock had been jimmied and two hammers were lying near the safe. The store manager was called to the store. He identified the televisions, stereos, radios and safe as articles which were located in the salesroom instead of the garage area of the store when he closed the store. He further testified that the store safe, which was only six weeks old, required the services of a locksmith since it had been so badly damaged. Two Hundred and Fifty Dollars ($250.00) had been placed in the safe before closing the store. No one had given Joseph Nathan Pfeifer permission to enter the store after business hours.

Considering the facts of this case with those presented in *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558 and *Walker* v. *State* (1968), 250 Ind. 649, 653, 238 N. E. 2d 466, we feel that the evidence considered in the light most favorable to the State supports the guilty verdict of the jury.

ERROR NO. 2: The objection to the State's instruction No. 7 during trial was:

"MR. LUBER: The only other one would be that we object to State's Instruction Number Seven for the reason that it is repetitious with Court's Number Five which already has stated that this is a presumption of law and what it entails is merely a humane provision and not to protect the guilty.
"THE COURT: I'll let this one stand. I'll overrule your objection and give that one. Your objection was that it was repetitious.
"MR. LUBER: Yes."

State's instruction No. 7 reads as follows:[2]

"While it is the law that every person charged with the commission of a crime is presumed to be innocent until his guilt is established beyond a reasonable doubt, yet, if the evidence is so strong and conclusive as to overcome the presumption of innocence, under the law this presumption

---

2. State's instruction no. 7 is almost an exact duplicate of an instruction approved by the Supreme Court in *Rokvic* v. *State* (1924), 194 Ind. 450, 455, 143 N.E. 357.

of innocence will avail nothing to the Defendant, and under such circumstances you should convict."

A different error is urged in the appellant's brief at page 15. This error is:

"State's Instruction 7 was a repetition of the law contained in Court Instruction 5 and State's Instruction 1."

The above objection made to the trial court makes no reference to State's instruction no. 1. We further note that what appellant purports to be Court's instruction no. 5 is, according to the transcript filed with this court, Court's instruction no. 6.

We are fully aware of the rule that restricts the appellant's error on appeal to the specific reasons stated in his objection to the trial court. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106. Nevertheless, we will decide this contention upon the merits.

Court's instruction no. 6 reads as follows:

"While a defendant is presumed in law to be innocent of a crime until the contrary is established by the evidence to that degree of certainty that you as jurors are convinced of his guilt beyond a reasonable doubt, the rule of law which throws around the defendant the presumption of innocence and requires the state to establish beyond a reasonable doubt every material fact averred in the affidavit is not intended to shield those who are actually guilty from just and merited punishment; but is a humane provision of law which is intended for the protection of the innocent, and to guard, as far as human agencies can, against the conviction of those that are innocent and unjustly accused of crime. And by reasonable doubt is not meant a mere whim, a captious or speculative doubt. It is properly termed a reasonable doubt, and it must arise from the evidence or lack of evidence relating to some material fact or facts charged in the affidavit."

The Court's instruction no. 6 is an attempt by the court to define the term reasonable doubt to the jury. It expresses

the idea that a reasonable doubt must be more than mere speculation or whim. Such an interpretation is supported by the cases of *Rhodes* v. *State* (1890), 128 Ind. 189, 27 N. E. 866; *Lindley* v. *State* (1929), 201 Ind. 165, 166 N. E. 661; *Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816 and *Cravens* v. *State* (1971), 257 Ind. 381, 275 N. E. 2d 4.

Instruction no. 7 states that if the evidence is strong enough and convincing enough to overcome the presumption of innocence, the jury may convict the defendant. Instruction no. 7, therefore, in no way attempts to define reasonable doubt and is not repetitive of Court's instruction no. 6.

State's instruction no. 1 reads as follows:

"A reasonable doubt may arise from the evidence as well as from a lack of evidence and may be thus defined:
"The rule of law touching reasonable doubt is a fair, reasonable and practical rule for the guidance of practical men, when engaged in the solemn and important duty of assisting in a fair, honest and impartial enforcement of the criminal laws of our State.

"It is not, therefore, a rule about which there is anything whimsical or chimerical; it is not a mere possibility of error or mistake that constitutes a reasonable doubt; it does not mean that the jury must be convinced to an absolute and demonstrative certainty. Despite every precaution that may be taken to prevent it, there may be in all matters pertaining to human affairs a mere possibility of chance of error.

"If then, you, and each of you, are so convinced by the evidence, or lack of evidence, of whatever class it may be and considering all the facts and circumstances in evidence as a whole, of the guilt of the Defendant that as prudent men and women, you would feel safe to act upon such conviction, in your own dearest and most important interests, under circumstances when there is no compulsion or coercion upon you to act at all, then you will have arrived at such a degree of certainty as excludes reasonable doubt and authorizes conviction."[3]

Instruction no. 1 does define reasonable doubt, but it also

---

3. State's instruction no. 1 is almost an exact copy of an instruction approved in *Chambers v. State, supra*, 232 Ind. at 355-356.

concludes that if the presumption of innocence is overcome, conviction is warranted. For this reason, it is repetitive of instruction no. 7.

We must now address ourselves to the more fundamental question. Is the repetition exhibited by instructions 1 and 7 reversible error? Defendant Pfeifer's contention of reversible error for the above repetitiveness relies upon *Fehlman* v. *State* (1928), 199 Ind. 746, 755, 161 N. E. 8. However, *Fehlman, supra,* cites as its authority the case of *Robbins* v. *Fugit* (1920), 189 Ind. 165, 168, 126 N. E. 321, 322, wherein the court stated:

> "Such needless repetition amounts to an argument on the part of the court and may mislead the jury. It is not always reversible error, but it is always bad practice."

Later, in *Zimmerman* v. *State* (1921), 190 Ind. 537, 546, 130 N. E. 235, 239, our Supreme Court expanded upon this concept in criminal cases:

> "The giving of this number of instructions upon the one subject is, however, subject to criticism, for together they tend to unduly emphasize the particular subject covered. We are not prepared to say that they collectively reached the dignity of an argument by the court, or that they go to the extent which may be termed an abuse of discretion, but the point is worthy of notice. *Robbins* v. *Fugit* (1920), 189 Ind. 165, 126 N. E. 321."

The rule is that the repetition of instructions must amount to an argument by the court of one particular phase of the case before the substantial rights of the defendant are violated. Considering State's instructions no. 1 and 6 together with Court's instructions no. 4, 5, and 6,[4] the repetition did not unduly stress the point that the presumption of innocence would not protect the defendant. It did not unduly emphasize to the jury that they should look hard for a

---

4. We note that Court's instructions no. 4, 5 and 6 were given before trial and at the close of the evidence.

conviction. The repetition in these instructions was not reversible error.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 283 N. E. 2d 567.