OSBY PARKER *v.* STATE OF INDIANA.

[No. 476S99. Filed March 1, 1978.]

*Robert D. Hawk, Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Osby Parker, was convicted of rape and kidnapping. He was sentenced to twenty years' imprisonment and life imprisonment on these convictions, respectively. His appeal raises two issues:

1. Whether the admission of a statement by the defendant was erroneous; and

2. Whether three instructions should properly have been refused.

The record reveals that early one morning a man and woman were walking home in the rain after visiting at the home of the man's aunt. A car stopped and offered them a ride. They accepted, but when the woman was in the car, it sped off without the man. A driver and a passenger were in the car; the defendant was later identified as being the driver. They went to a service station and then to a grassy area near an expressway. The defendant raped her and forced her to commit sodomy. The passenger then raped her. They drove to another area where both the men again raped her. The victim was then freed near her cousin's home. Both the victim and her boyfriend identified the defendant.

## I.

During the trial the prosecutor sought to introduce through the testimony of a police detective a statement made by the defendant to his wife. After a hearing on the admissibility of the statement, the trial court permitted its introduction. The defendant contends that the admission of this statement was error inasmuch as it was involuntary.

The record reveals that Mrs. Parker came to the police station to see her husband, the defendant. Detective Bacich took the defendant and his wife to a room and left them alone for fifteen to twenty minutes. He reentered the room and told them that they had to go. After they were aware of Bacich's presence in the room, Bacich testified, "She asked him why he would do such a thing." Bacich further testified that the defendant replied, "I was smoking that shit, I guess."

The defendant directs some of his argument to whether this statement was a confession at all. The argument questions whether we can be sure that the conversation was about the charged offense at all or whether it was referring to something else altogether. This is an argument which goes to the

weight to be given the statement not its admissibility and is for reasonable persons to weigh. The statement is clearly relevant, it being clearly reasonable to infer, under the circumstances, that they were speaking of the charged crime. When Bacich testified as to the statement during the hearing, out of the jury's presence, he gave a fuller account of Mrs. Parker's question. He paraphrased the conversation as, "Why he would do such a thing when he didn't do anything, didn't care about it at home and his response was that he was smoking this shit." This is clearly admissible under our test of relevancy. *Pirtle* v. *State,* (1975) 263 Ind. 16, 323 N.E. 2d 634.

The main thrust of defendant's argument is that the statement is involuntary. In order for a confession to be admitted, whenever a question arises as to its voluntariness, the issue is controlled by the constitutional standard of voluntariness. To be admissible a confession or admission " 'must be free and voluntary: that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight . . . .' " *Bram* v. *U.S.,* (1897) 168 U.S. 532, 542-3, 18 S.Ct. 183, 187, 42 L.Ed. 568, 573, approved in *Shotwell Mfg. Co.* v. *U.S.,* (1963) 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357; *Ashby* v. *State,* (1976) 265 Ind. 316, 354 N.E.2d 192.

No evidence was introduced which indicated that the statement was the result of brutality or threats as was the case in *Johnson* v. *State,* (1968) 250 Ind. 283, 235 N.E.2d 688, cited by the defendant. Neither was there any evidence of coercion or promises, subtle or otherwise. The record reveals only that the statement was made in response to a question by defendant's wife, that the statement was overheard by a police detective, and that it was introduced into evidence as an admission through the detective's testimony. There was no error.

## II.

The defendant contends that three instructions given by the trial court with respect to guilt under the accessory statute were needlessly repetitious. *Robbins* v. *Fugit*, (1920) 189 Ind. 165, 126 N.E. 321. The instructions given were as follows:

Fourteen—"At all relevant times, for the purposes of this case, there was a certain statute in full force and effect in our State, which statute reads:

" 'Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command or otherwise procure a felony to be committed, may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal.' "

Fifteen—"Mere presence at the scene of a crime is not sufficient to allow an inference of participation. While this is the general rule, presence in connection with other circumstances is relevant. Companionship with one engaged in a crime and a course of conduct before and after the offense may be considered in determining whether aiding or abetting may be inferred."

Sixteen—"A defendant is responsible for the acts of his confederates as well as his own when he acts in unison with others."

These instructions, although all deal with guilt as an accessory, are not repetitious. Each instruction carries a different import. The first instruction sets out the relevant statute; the second gives various factors for determining whether aiding and abetting may be inferred; the third explains an accessory's responsibility for the acts of his confederates. These instructions were not unduly repetitious and did not constitute "an argument on the part of the court." *Robbins* v. *Fugit*, (1920) 189 Ind. 165, 168, 126 N.E. 321, 322.

For all the foregoing reasons, there was no trial error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 372 N.E.2d 1178.