## DIMMICK v. FOLLIS

[No. 18,348. Filed April 7, 1953. Rehearing denied May 14, 1953. Transfer denied September 28, 1953.]

*Leigh L. Hunt, Parrish & Parrish,* all of Fort Wayne, and *Ferd L. Litterer,* of Decatur, for appellant.

*Solly K. Frankenstein* and *Ora R. Kuhlman,* both of Fort Wayne, for appellee.

CRUMPACKER, J.—The appellee Hazel D. Follis was injured as a result of a collision between an automobile in which she was sitting, while stopped in a line of traffic, and one owned and driven by the appellant Lester Dimmick shortly after 7 o'clock in the morning of July 17, 1950, on East Pontiac Street in the city of Fort Wayne, Indiana. Charging that the negligence of the appellant was the sole proximate cause of said collision and her resulting injuries, she sued and was awarded a verdict by a jury in the sum of $5,000 upon which judgment was entered in due course.

The appellant was arrested on the same day the collision occurred and was charged with reckless driving by affidavit, filed in the city court of Fort Wayne, in the following words and figures:

> "Undersigned, being duly sworn, upon his oath says: That on or about the 17th day of July, 1950, in the County of Allen and in the State of Indiana, . . . did then and there unlawfully drive and operate a motor vehicle on Pontiac Street, being then and there a public highway of Fort Wayne, Allen County, Indiana, in a reckless and dangerous manner, to wit:
>
> "Damage to the automobile of another with reckless disregard for the safety, property or rights of other persons, contrary to the form of the statute in such case made and provided.
>
> Al O'Keefe.
>
> "Subscribed and sworn to before me this 26th day of July, 1950.
>
> Alton L. Bloom,
> Prosecuting Attorney."

The appellant, under circumstances indicating a desire to escape the inconvenience of a trial, pleaded guilty to this charge and the judgment of the court was that he be fined $1.00, that he pay the costs of the proceed-

ings and that he be committed to the Allen County jail until such fine and costs were paid or replevied.

In making her case in the present action, the court, over the appellant's objection, permitted the appellee to put in evidence the entire record of the proceedings in the city court of Fort Wayne including the above affidavit, the appellant's plea of guilty, the court's judgment and an itemized statement of costs.

As a general rule it is well settled that the records in criminal cases are not admissible in civil actions as evidence of the facts upon which a conviction was had, and this is especially true where the civil action is for damages occasioned by the offense of which the party stands convicted. *Montgomery* v. *Crum* (1928), 199 Ind. 660, 685, 161 N. E. 251. The rule seems sound when we consider the want of mutuality arising from the fact that the parties to the two records are not the same; that the course of the proceedings and rules of decision in the two courts are different and that a higher degree of proof is required in criminal than in civil cases. As was said in the Montgomery case: "One reason for this rule is the dissimilarity between civil and criminal action in objects, issues, results, procedure, parties, and in the application of the rules of evidence both as to weight and competency."

However an exception to this rule has been held to arise where the defendant in the criminal case pleaded guilty and the record showing such plea and the judgment entered thereon is offered in evidence in a civil action against him growing out of the same offense. Such record is admitted not as a judgment establishing the facts upon which it is based but as the deliberate declaration or admission against the defendant's interest in connection with the

very matter charged in the civil action. Like any other admission its probative value may be destroyed by the circumstances under which it was given or by satisfactory explanation. *Rudolph* v. *Landwerlen* (1883), 92 Ind. 34, 37; *Hamm* v. *Romine, et ux.* (1884), 98 Ind. 77, 81.

The appellant contends that this rule is not applicable to the present situation because the subject matter or wrongful conduct involved in the two actions is not the same. He says that in the criminal case he was accused of a misdemeanor defined by statute as "reckless driving" while in this suit he is charged with mere negligence in that (1) he failed to keep his car under control, and (2) he followed the appellee's car closer than the exercise of ordinary care permitted under the circumstances. That he could have been guilty of "reckless driving" without necessarily having committed either of said acts of negligence and therefore his plea of guilty to the criminal charge had no probative value here. It seems to us that when one is charged generally with "carelessly and negligently failing to keep his car under control" and thus causing a collision, he is charged with about any type of negligence because of which he failed to control his car in such a manner as to avoid the collision. In other words, such an allegation is, in effect, a general charge of negligence and it necessarily follows that one cannot drive recklessly without being negligent. See *Jones* v. *Cary* (1941), 219 Ind. 268, 281, 37 N. E. 2d 944. Although we have found no decision in Indiana directly in point the case of *Olk* v. *Marquardt* (1931), 203 Wis. 479, 234 N. W. 723, is persuasive. In an action to recover for an injury arising out of an automobile accident, records of the municipal court showing that the defendant had pleaded guilty to a charge of reckless driving in con-

nection with the accident in question were held admissible. The court said that such plea amounted at least to an acknowledgement of negligence on the defendant's part. The affidavit by which the appellant was charged with reckless driving and to which he pleaded guilty fails to disclose on its face that said reckless driving was connected with the collision involved in this litigation. There is ample evidence in the record however tending to establish the connection and we find no error in the admission of the records in question.

As heretofore stated the accident in controversy happened on East Pontiac Street in Fort Wayne shortly after 7 o'clock in the morning of July 17, 1950. It was raining, the pavement was slippery and many cars were moving along the street in both directions. The appellee was on her way to work and driving her car east in the right hand traffic lane when she was compelled to stop temporarily because of a traffic congestion. Her version of the collision in which she was hurt is as follows: "I was sitting waiting in the line of traffic when Mr. Dimmick came along from the rear. He hit me and knocked me into the car in front. I was completely stopped. I was stopped for a matter of seconds. I was completely relaxed and my foot was off the brake. I was half a car length behind the car ahead of me." There was no other evidence as to how or why the collision occurred except the testimony of the appellant which is unfavorable to the verdict and therefore we assume that it was rejected by the jury.

In our opinion the evidence does not disclose a situation to which the doctrine of *res ipsa loquitur* applies. The appellee was driving her car along the street in a line of traffic when she stopped because the cars ahead of her stopped. "In a matter of sec-

onds" she was hit from the rear by the appellant's car. It was raining, cars were approaching from the opposite direction and the pavement was slippery. Under such circumstances we cannot say that the accident was one which in the ordinary experience of mankind would not have happened except for the negligence of the appellant. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365. Without the aid of the doctrine of *res ipsa loquitur* we find no evidence in the record tending to establish negligence on the part of the appellant except his own acknowledgement thereof which, we believe, is sufficient to sustain the verdict on appeal.

In its charge to the jury the court gave, over appellant's objections, 15 instructions tendered by the appellee. The appellant contends that three of them mandate a recovery by the appellee and omit essential elements necessary thereto. Of these instructions Nos. 5 and 8, although not as clear and concise as they might be, are not open to the above criticism when carefully analyzed as a whole. Only through a process of close and careful reasoning, in which no lay jury could be expected to indulge, can it be said that either omits the necessity of finding an ultimate fact essential to appellee's case. As much cannot be said, however, for instruction No. 13 which reads as follows:

"The court instructs you that it makes very little difference whether the pains which the plaintiff, Hazel Follis, suffered, were actually existing to the extent that she thought, or whether her nervous system was so affected that she believed them to exist to a greater extent than they actually did, and suffered accordingly, if the nervous condition was caused by the accident which produced the pains. In either case, if you find from the evidence that the plaintiff's condition was the direct result of the injuries which she received, and that those injuries

affected the plaintiff, the defendant was liable for their results."

We believe that pain, which exists only in the imagination of the subject if due to a functional disturbance of the nervous system without demonstrable physical lesion, is an element of damage if such nervous condition is the proximate result of another's negligence and to which the negligence of the subject in no wise contributed. The instruction, however, tells the jury that the appellee is entitled to recover for such pain if it is the direct result of her injuries which, of course, is not the law unless the appellant was negligent and such negligence was the proximate cause of the accident in which the appellee was injured and she was free from contributory negligence, all of which the instruction omits. It is mandatory in character, *Indiana Service Corp.* v. *Schaefer* (1936), 101 Ind. App. 294, 199 N. E. 158, and as the undisputed evidence indicates that the appellee's injuries were largely neurotic, the effect of the instruction was necessarily prejudicial. It is unnecessary to cite authority to the effect that if an instruction purports to direct the jury to find a certain verdict on the finding of stated facts, all the facts necessary to support such a verdict must be stated in that particular instruction and other instructions cannot supply an omitted fact.

Instruction No. 9 deals with the doctrine of sudden peril which, in our opinion, has no application to the facts of this case. It was given no doubt to aid the jury in determining whether or not the appellee was free from contributory negligence but at no time was the appellee conscious of peril and no conduct on her part was prompted by a sudden realization of danger. The yardstick for measuring the quantum of care exercised by one confronted by sudden peril

can be used only in connection with what he does or fails to do after discovering the danger to which he has been suddenly subjected. The whole doctrine of sudden peril has to do with the judgment one exercises in an emergency and if one is unaware of such emergency and exercises no judgment there is no room for the application of the doctrine.

Instruction No. 12 authorized the jury to award damages to the appellee for the aggravation of any pre-existing disease or disability from which she may have been suffering provided, however, that such aggravation was caused by the appellant's negligence and there was no contributory negligence involved. This instruction is outside the issues and there is no evidence in the record to which it is applicable. We have studied the transcript with care and it does not present the overall record of a case where meager evidence of negligence and erroneous or questionable instructions may be forgiven on the theory that there was a fair trial and a just result reached.

Judgment reversed and cause remanded with instructions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 111 N. E. 2d 486.