KIGER, BY HIS GUARDIAN, KIGER *v.* ARCO AUTO CARRIERS, INC.

[No. 1167A87. Filed March 26, 1969. Rehearing denied April 18, 1969.]

*Kizer & Neu,* Plymouth, for appellant.

*Crumpacker, May, Levy & Searer,* South Bend, for appellee.

SHARP, J.—This is an appeal from a judgment for the Defendant-Appellee in an action brought to recover damages received by the Plaintiff-Appellant's ward.

The Appellant's ward was injured when the car in which he was riding was struck broadside by a truck owned by the Defendant-Appellee and driven by one of its agents.

The collision occurred at a point where U. S. Highway 6 and Indiana State Road 331 diverge at the east edge of Bremen, Indiana.

Appellee's truck was being driven east through Bremen, Indiana, on the combined highways of U. S. Highway 6 and Indiana State Road 331. The Appellant's ward's car traveled west on Indiana 331 and stopped behind another car at the intersection. The first car pulled out as the truck was descending the hill toward the intersection.

The evidence most favorable to the Appellee as to circumstances of the accident was given by the driver of Appellee's truck. He testified as follows:

"As I was going east down the hill on U.S. Highway 6 towards the intersection of U.S. Highway 6 and 331 there were one or two cars at the stop sign where 331 comes to U.S. Highway 6. As I got closer—it must have been about one hundred fifty feet away—this first car pulled out in front of me. I then saw that there was a second car there. I just continued on through and when I got into the intersection the second car that was sitting there when the first car pulled out, pulled out in front of me.

"The second car in line on 331 sat there after the first car pulled out into the intersection and then all at once pulled out right in front of me.

"The second car did not move after the first car pulled into the highway. He just stayed sitting. He sat there a few seconds and then pulled out into the highway right in front of me."

There was also evidence that the driver of the car in which Appellant's ward was riding was intoxicated.

Upon judgment for the Appellee, Appellant filed a Motion for New Trial and assigns as error the overruling of that Motion. The first alleged error raised by Appellant's brief concerns Defendant's tendered instruction number 1, herein set out:

"If you should find, by a fair preponderance of all of the evidence in this case, that at the time and place alleged in the plaintiff's complaint, the driver of the defendant truck, Robert Wagner, was placed in a position of hazard and peril through no negligence on his part which required Robert Wagner to act in a sudden emergency to avoid colliding with another vehicle, then I instruct you that in such an event Robert Wagner would be required to act only in such a manner as an ordinary and prudent person would act under the same or similar circumstances.

"And, if you should find that Robert Wagner did, under such facts and circumstances, act as an ordinary reasonable and prudent person would act under same or similar circumstances, when being confronted by such an emergency, then and in that event the plaintiff cannot recover from the defendant herein, and your verdict should be for the defendant and against the plaintiff."

The Appellant does not contend that the instruction misstates the doctrine of "sudden emergency" but argues that because there was no evidence of any such emergency, the giving of the instruction was erroneous. The Appellant argues in effect that because the driver of the truck saw the two cars at the intersection from about 480 feet away there could have been no "sudden emergency" present. We cannot agree. An instruction on sudden emergency would be proper if there was any evidence or inference therefrom supporting it. *Pennsylvania Ice & Coal Co. v. Elischer,* 106 Ind. App. 613, 21 N. E. 2d 436 (1939).

As noted above, the driver of the truck testified that he saw the car in which Appellant's ward was riding stopped at the intersection and that the car "all at once pulled right out in front of me." There was, therefore, evidence introduced of the existence of a sudden emergency and the instruction was properly given. See *Buckner v. Wilson,* 141 Ind. App. 272, 227 N. E. 2d 462 (1967), and *Scott v. Sisco,* 129 Ind. App. 364, 156 N. E. 2d 895 (1959), where this court stated further that if the instruction was supported by the evidence and went to make Appellee's theory of the case, the court had a *duty* to give the instruction. *Baker v. Mason,* 142 Ind. 314, 242 N. E. 2d 513 (1968), cited by counsel, is not directly relevant here because our Supreme Court found in that case that the non-conflicting evidence established clearly that there was *no* sudden emergency. We hold here that there was evidence of a sudden emergency and that there was no error in the giving of the instruction.

In his next specification of error, Appellant alleges that Appellee's tendered instruction number 2 and Appellant's tendered instruction number 5 conflict with each other and that the giving of same constitutes reversible error.

Appellee's tendered instruction number 2 is as follows:

"Ladies and Gentlemen of the Jury: I instruct you that the driver of the defendant's truck, Robert Wagner, at the

time and place immediately before the collision described in the plaintiff's complaint, had the right to assume that all operators of other motor vehicles approaching, or stopped at the intersection of U.S. Highway No. 6 and State Road 331, were operating their automobiles in compliance with the laws of the State of Indiana, and in the exercise of reasonable and due care, and that Robert Wagner, in the absence of knowledge to the contrary, could not be required to anticipate that the motor vehicle in which the plaintiff was riding as it approached or stopped at said intersection on State Road 331 proceeding in a generally westerly direction, would enter said intersection at a time when said defendant truck was within said intersection or approaching so close as to constitute an immediate hazard, and that said Robert Wagner, the driver of the defendant truck, in the exercise of reasonable and due care, was not required to anticipate any such conduct on the part of the driver of the automobile in which the plaintiff was riding, and said defendant cannot be held negligent for the failure to foreguard against such conduct."

Appellant's tendered instruction number 5 is as follows:

"I instruct you that, at the time of the collision in question, there was a statute of the State of Indiana which, in part applicable to the collision in question, is as follows:

Burns' 47-2028

'Entering through highway or intersection.—Obedience to yield signs.—(a) The driver of a vehicle shall stop as required by this act at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.'

"I instruct you that if you find from the evidence in this case that the driver of the 1955 Chevrolet automobile in question stopped said automobile which he was driving before entering into U.S. Highway #6 and Indiana Road #331 from Indiana Road #331 and at such time the truck operated by Defendant was not in the intersection nor approaching so closely to said intersection as to cause an im-

mediate hazard, then I instruct you that said driver of the Chevrolet automobile had the right-of-way to proceed into and across said intersection and onto U.S. Highway #6 and Indiana Road #331 and that the Defendant, Arco Auto Carrier, Inc., had the duty to yield the right-of-way to such vehicle.

"I further instruct you that if you find from the evidence that the Defendant so failed to yield the right-of-way and that such failure on the part of said Defendant was a proximate cause of the collision in question, then your verdict may be for the Plaintiff, and against the Defendant, Arco Auto Carriers, Inc."

Appellant argues that Appellee's tendered instruction number 2 omitted the element of the duty of the driver on the through highway, which duty he argues is established by Burns' Ind. Stat. Ann. § 47-2028 and limits the right-of-way of traffic on through highways.

We find no merit in Appellant's argument. To the contrary, it appears elementary that the instructions apply to different situations and are proper statements of the law as it is applicable to the different situations. Instruction number 5 states the principle codified in Burns' Ind. Stat. Ann. § 47-2028, which is that if the truck was not approaching so closely to the intersection as to constitute an "immediate hazard", the car stopped at the intersection had the right-of-way to proceed and the truck would then have the duty to yield the right-of-way.

Instruction number 2 compliments instruction number 5 by stating the principle that the driver of the truck had the right to assume that a car stopped at the intersection would not proceed if the truck was approaching so closely to the intersection so as to constitute an "immediate hazard." One instruction charged the jury as to the duty of a vehicle stopped at the intersection of a through highway not to proceed if an approaching vehicle is an immediate hazard, and to the corresponding duty of a vehicle traveling in a through highway to yield to a car which has

properly entered the intersection. The second instruction merely states that the driver of a vehicle on a through highway is not charged with the duty of anticipating the violation by another driver of his own duty. We find no error in the giving of the instructions.

The Appellant next objects to the giving of Defendant's tendered instruction number 9, herein set out:

"Ladies and Gentlemen of the Jury: It is provided by law in this State, that when a stop sign is erected at one or more entrances of an intersection, the driver of an automobile approaching the stop sign shall stop in obedience to said sign, and shall proceed cautiously, yielding the right of way to vehicles not so obligated to stop, which are in the intersection or approaching so close as to constitute an immediate hazard.

"Therefore, if you should find by a fair preponderance of all of the evidence in this case, that the driver of the automobile in which the plaintiff was riding, did stop before entering the intersection in question, and then proceeded into said intersection at a time when the driver of the defendant truck was already in the intersection or was approaching so close as to constitute an immediate hazard, and should you further find, by a fair preponderance of all of the evidence, that such action on the part of the driver of the automobile in which the plaintiff was riding was the proximate cause of the accident in question, then your verdict should be for the defendant and against the plaintiff on his complaint."

The Appellant states in his brief that this instruction requires that a car stopped at an intersection of a through highway must wait until all cars on the through highway have cleared the intersection. We need only state that the mere reading of this instruction should demonstrate that it requires the car stopped to yield only to those vehicles in the intersection or approaching so close as to constitute an immediate hazard. The instruction is a correct statement of the law codified in Burns' Ind. Stat. Ann., § 47-2028. The Appellant argues further that this instruction omits the element of the duty of the driver of a vehicle pro-

ceeding on a through highway to yield to vehicles which have entered the intersection at a point in time when there are no other vehicles in the intersection or close enough thereto to be a hazard. It is well established that all principles of law applicable need not be stated in one instruction. *Kaplan v. Tilles, Inc.*, 131 Ind. App. 390, 171 N. E. 2d 268 (1961). All of the instructions are to be read together and as a whole. *Drolet v. Pennsylvania R. Co.*, 130 Ind. App. 549, 164 N. E. 2d 555 (1960). Appellant tendered two instructions, numbers 3 and 5, which were given by the court and which *directly* charged the jury as to the duty of the driver of Appellee's vehicle. We find no error in the giving of Appellee's tendered instruction number 9.

Appellant's next specification concerns the following instruction:

"The mere fact that negligence is charged in the complaint does not mean that the charge is true. Under the issues made by the complaint and the answer of the defendant thereto, the burden is upon the plaintiff to prove the material allegations of the complaint by a fair preponderance of all the evidence that the material allegations of plaintiff's complaint have not been proven by a fair preponderance of the evidence, then your verdict should be for the defendant and against the plaintiff."

The Appellant argues that the instruction is erroneous because instructions on abstract propositions of law should not be given and because the instruction did not define the term "material allegation." First, this court has held that "the duty was upon Appellants if they desired an explanation or definition of such term to submit such an instruction." *City of South Bend v. Fink*, 139 Ind. App. 282, 219 N. E. 2d 441, 445 (1966). Although it is proper in some cases to refuse to give instructions which merely state an abstract principle of law, it will not result in reversible error if the Appellant could not have been prejudiced. This instruction properly instructs the jury as to the burden of proof of the plaintiff and cannot be said to have misled

the jury nor prejudiced the rights of the Appellant. It is proper to instruct the jury that the plaintiff must prove the elements of his action by a preponderance of the evidence. *Trent v. Rodgers,* 123 Ind. App. 139, 104 N. E. 2d 759 (1952).

In Appellant's final specification of error it is argued that Appellee's tendered instructions 10, 3 and 8 are erroneous because they are repetitious. Following are the three instructions: Appellee's tendered instruction number 10:

> "I instruct you that should you find by a fair preponderance of all of the evidence, that the driver of the automobile in which the plaintiff was riding at the time and place of the accident in question, was guilty of negligence, and that such negligence was the proximate cause of the accident in question and the resulting alleged injuries to the plaintiff, if any, then and in that event, the plaintiff cannot recover from the defendant, and your verdict should be for the defendant and against the plaintiff on his complaint."

Appellee's tendered instruction number 3:

> "If you should find by a fair preponderance of all of the evidence that Paul Penn, the driver of the automobile in which the plaintiff was riding at the time and place of the accident in question was under the influence of intoxicating liquor at the time of the injury alleged in the plaintiff's complaint, and that by reason of such influence of intoxicating liquor, said Paul Penn failed to exercise the care and caution that an ordinary, prudent and sober person would exercise under same or similar circumstances, and that the failure to exercise that degree of care on the part of Paul Penn was the sole proximate cause of the accident in question and the resulting injuries, if any, to the plaintiff, then your verdict should be for the defendant and against the plaintiff on his complaint."

Appellee's tendered instruction number 8:

> "Proximate cause of an accident may be defined as that act which immediately causes or fails to prevent the accident and the alleged injuries which might have reasonably

been anticipated to result from such a negligent act or omission.

"So, in this case, should you find by a fair preponderance of all of the evidence in this case, that the driver of the automobile in which the plaintiff was riding was guilty of negligence in the operation of said vehicle at the time and place of the accident in question, and that such negligence on the part of the driver of the automobile in which the plaintiff was riding, was the sole proximate cause of the accident in question and the alleged injuries, if any, to the plaintiff, then and in that event your verdict should be for the defendant and against the plaintiff on his complaint."

While the unjustified practice of giving repetitious instructions is not favored, it will not always constitute reversible error. *Robbins v. Fugit,* 189 Ind. 165, 126 N. E. 321 (1920). It is clearly not reversible error in this case.

Each instruction contributes something to the totality of the charge to the jury. Number 10 is the general instruction, Number 3 adds the element of intoxication, and Number 8 serves to define the term proximate cause. We find that the very minimal amount of pure repetition in the instructions hardly justifies argument and is most clearly not reversible error.

Finding no error, the judgment is affirmed. Costs v. Appellant.

Pfaff, C. J., Hoffman, J., concurs. White, J., concurs in result.

NOTE.—Reported in 245 N. E. 2d 677.