Kristin R. LASHBROOKS and Dwayne Lashbrooks, Individually and as Husband and Wife, Appellants–Plaintiffs,

v.

Maria H. SCHULTZ and Clark Memorial Hospital d/b/a Southern Indiana Rehabilitation Hospital, Appellees–Defendants.

No. 10A01–0212–CV–473.

Court of Appeals of Indiana.

Aug. 26, 2003.

Trent Thompson, David P. Allen, Allen, Allen & Allen, Salem, IN, Attorneys for Appellant.

Eric D. Johnson, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellants-plaintiffs Kristin and Dwayne Lashbrooks appeal from a jury verdict in favor of appellee-defendant Maria H. Schultz. We reverse and remand for a new trial.

### Issue

The Lashbrookses raise four issues for review, one of which we find dispositive and restate as whether the trial court abused its discretion in instructing the jury on sudden emergency.

### Facts and Procedural History

On the morning of November 10, 1998, Schultz departed in her van from Floyd Memorial Hospital in Floyd County, Indiana, en route to Washington County Hospital in Salem, Indiana. After driving briefly in stormy and rainy weather, Schultz stopped at a gas station for approximately one-half hour because she "decided it was best if [she] stopped for a bit [to] see if the weather improved." Tr. at 86. Schultz resumed her trip eastbound on State Road 60 when the rain "slacked up[.]" *Id.* at 87.

Approximately three or four minutes after Schultz left the gas station, a sudden gust of wind blew her van off the right side of the road. The van hydroplaned, and the rear of the van spun to the right. Eventually, Schultz's van turned left and rolled across the road into a ditch, such that its rear end "was sticking out a bit in the road[.]" *Id.* at 89. Shortly thereafter, Kristin's westbound van collided with the right rear corner of Schultz's van, causing personal injuries to Kristin and her daughter.

The Lashbrookses sued Schultz for negligence. On October 10, 2002, a jury found in favor of Schultz. The Lashbrookses now appeal.

### Discussion and Decision

Over the Lashbrookses' objection, the trial court instructed the jury on the sudden emergency doctrine as follows:

A person confronted with a sudden emergency, not of his own making and without sufficient time to deliberate, is not held to the same accuracy of judgment as one who had time to deliberate. Accordingly, the person is not negligent if he exercises such care as an ordinarily prudent person would exercise when confronted with a similar emergency.

If you find from the evidence that a sudden emergency confronted the Defendant and that she responded as an ordinarily prudent person would have when faced with the same or similar

emergency, then you may not find the Defendant negligent.

Appellant's Br. at 6.

█ When reviewing challenges to jury instructions, we are mindful that

> [i]nstruction of the jury is left to the sound judgment of the trial court, and our review of a trial court's decisions in this regard is highly deferential: we will not disturb the court's judgment absent an abuse of discretion. A trial court should give a tendered instruction if the instruction correctly states the law, the evidence supports the instruction, and the substance of the charge is not covered by other instructions.

*Sikora v. Fromm*, 782 N.E.2d 355, 361 (Ind.Ct.App.2002) (citations omitted), *trans. denied* (2003).

█ "The sudden emergency doctrine recognizes that a reasonable person innocently deprived of time to consider his actions does not always exercise the same accuracy of judgment as one who has had the opportunity for reflection." *City of Terre Haute v. Simpson*, 746 N.E.2d 359, 367 (Ind.Ct.App.2001) (citation and quotation marks omitted), *trans. denied.*

> There are three factual prerequisites to an instruction on sudden emergency, which are: 1) the actor must not have created or brought about the emergency through his own negligence; 2) the danger or peril confronting the actor must appear to be so imminent as to leave no time for deliberation; and 3) the actor's apprehension of the peril must itself be reasonable.

*Barnard v. Himes*, 719 N.E.2d 862, 869 (Ind.Ct.App.1999), *trans. denied* (2000). The Lashbrookses contend that the trial court abused its discretion in instructing the jury on the sudden emergency doctrine because Schultz "lost all control" of her

van and was unable to respond. Appellant's Br. at 9. We agree.

█ In all circumstances, negligence necessarily entails conduct, either an act or a failure to act. *See Howe v. Young*, 16 Ind. 312, 313, 1861 WL 2713 (1861) ("[N]egligence has been defined to consist in the omitting to do something that a reasonable man would do, or the doing something a reasonable man would not do[.]") (citation and quotation marks omitted); *Dimmick v. Follis*, 123 Ind.App. 701, 708–09, 111 N.E.2d 486, 490 (1953) ("The yardstick for measuring the quantum of care exercised by one confronted by sudden peril can be used *only in connection with what he does or fails to do* after discovering the danger to which he has been suddenly subjected.") (emphasis added). If one is *unable* to act or fail to act, then one cannot be negligent.

█ Schultz testified that she had no control over her van after it was blown off the road. *See* Tr. at 89. In other words, there is no evidence that Schultz was able to act or fail to act. The Maryland Court of Special Appeals addressed a remarkably similar set of facts in *Rustin v. Smith*, 104 Md.App. 676, 657 A.2d 412 (1995). In that case, the defendant, Rustin, lost control of his van while driving during a heavy rainstorm. *Id.* at 414. Rustin testified that the car " 'practically took over on its own' " and did not specify what action, if any, he took once he lost control of the van. *Id.* At trial, Rustin submitted an instruction on the doctrine of sudden emergency, and the trial court refused to give it on the grounds that the evidence did not support it. *Id.* On appeal, the Maryland Court of Special Appeals held that the trial court properly rejected the sudden emergency instruction, in part, because "there is no evidence that [Rustin] had any options, made any decisions, or took any specific

action whatsoever to avoid the collision." *Id.* at 415. Indeed, the court explained:

At some point in every collision, there is always an emergency. That does not mean that an emergency instruction is always appropriate. An "acts in emergency" instruction in appropriate only where the jury could have determined whether in light of the alternatives available to him, and the time available to him to recognize and evaluate those alternatives, Rustin made a choice that a reasonable, prudent person would make.

*Id.* (quotations and citation omitted). Here, as in *Rustin*, the evidence does not support a sudden emergency instruction, and the trial court abused its discretion in giving it. *See Nationwide Mut. Ins. Co. v. Neville*, 434 N.E.2d 585, 599 (Ind.Ct.App. 1982) ("[I]t is error to give an instruction on an issue not supported by the evidence[.]"), *trans. denied; see also Miller v. Porter*, 156 Conn. 466, 242 A.2d 744, 746 (1968) (concluding that "if ... there are no claims of proof which show ... an opportunity existed [to choose a course of action after the emergency arose], the court should not charge on the doctrine of sudden emergency"). We must now determine whether this error is harmless.

██ "Generally, the giving of an instruction which is not relevant to the issues and not applicable to the evidence is error. However, it is grounds for reversal only where it appears that the jury's verdict could have been predicated upon such an instruction." *Antcliff v. Datzman*, 436 N.E.2d 114, 122 (Ind.Ct.App.1982), *trans. denied.* Schultz cites *Taylor v. Todd*, 439 N.E.2d 190 (Ind.Ct.App.1982), to support her contention that the error is harmless in this case. In *Taylor*, Todd was driving in icy conditions when she saw Taylor walking in the street ahead of her car. As Todd passed Taylor, she heard "an awful thump on the side of [her] car." *Id.* at 192. Although Todd testified that "there seemed to be no problem at all" and denied that she sensed any danger prior to the collision, the trial court instructed the jury on sudden emergency. *Id.* The *Taylor* court concluded that the trial court abused its discretion in doing so, as "nothing in [Todd's] testimony evince[d] a perception of danger or panic that rendered her unable to act or to use her best judgment." *Id.* at 194. The *Taylor* court further concluded, however, that the error was harmless:

In the case at bar the jury was instructed that *if* they found Taylor was confronted with a sudden emergency and pursued a course of conduct that an ordinarily reasonable, prudent person would follow in the same emergency, then she would not be liable.

"In other words, the jury was told that, in determining whether the appellee was negligent, they were to place the reasonable prudent person in the same situation in which they believed the appellee to have been. Except for the 'sudden emergency' language, the instruction could stand as a proper test for determining negligence. It has already been established that there was no evidence from which the jury could have found a 'sudden emergency' to have existed prior to the impact. Thus, the jury would have to have either found this instruction to be inapplicable or placed the 'reasonable prudent person' in the situation in which they believed the appellee to have been. In the first case, the instruction would have been harmless; in the second case, the jury would have applied the proper test in ascertaining the appellee's negligence. In either case, the instruction could not have prejudiced the appellant so as to require a reversal of the trial court's judgment."

*Id.* at 194 (quoting *Baker v. Mason*, 253 Ind. 348, 351–52, 242 N.E.2d 513, 515–16 (1968)).

The question here is not whether there is evidence that Schultz faced a sudden emergency, but rather whether there is evidence that she was able to respond to it. *Taylor* is therefore inapposite. Here, the jury was instructed that it could not find Schultz negligent if it found "that she responded as an ordinarily prudent person would have when faced with the same or similar emergency[.]" Appellant's Br. at 6. There is no evidence, however, that she was able to respond in any way. Because the jury could have based its verdict on this erroneous instruction, we reverse and remand for a new trial. *See Miller*, 242 A.2d at 746 ("The charge on the doctrine of sudden emergency allowed the jury to believe that they could find that the defendant acted as a reasonably prudent person after the emergency arose. There are no claims of proof in the finding, however, from which the jury could find or infer that the defendant had any opportunity to take any action whatsoever after the emergency arose. The charge on sudden emergency was calculated to prejudice the rights of the plaintiffs and was harmful. There is error, the judgment is set aside and a new trial is ordered.") (citations omitted).

Reversed and remanded.

NAJAM and BAILEY, JJ., concur.